UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
ISIDRO GARCIA, ELIAZAR VALENTIN and FERMIN,
QUICHE,  individually and on behalf of others similarly
situated,

Index No.: 15-CV-09433
(VSB)

       -against-

SAIGON MARKET, LLC (d/b/a SAIGON MARKET),
HAU NGUYEN and JOHNATHAN NGUYEN,

                         Defendant(s),
--------------------------------------------------------------------------X

**DEFENDANTS SAIGON MARKET, LLC (d/b/a SAIGON MARKET),
HAU NGUYEN and JOHNATHAN NGUYEN'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 56**

*/s/ William K. Joseph*
By: William K. Joseph, Esq. (WJ7900)
Marcote & Associates, P.C.
108 New South Road
Hicksville, New York 11801
File No.: MA16-0513
Tel: (516) 280-2281
Fax: (516) 280-2283
E-Mail Address: wjoseph@marcotelaw.com

TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................... i

PRELIMINARY STATEMENT ............................................... 1

STATEMENT OF FACTS ...................................................... 1

SUMMARY JUDGMENT STANDARD ............................................. 2

ARGUMENT I

      THE DEFENDANTS PROPERLY PAID PLAINTIFFS MINIMUM
      WAGE AND OVERTIME WAGES PURSUANT TO THE FLSA
      AND NEW YORK LABOR LAW ........................................... 3

      A.    FLSA ................................................ 3

      B.    NEW YORK LABOR LAW .............................................. 4

      C.    OVERTIME WAGES .................................................... 6

ARGUMENT II

      THE DEFENDANTS PROPERLY PAID PLAINTIFFS SPREAD OF
      HOURS PAY UNDER NEW YORK LABOR LAW ................................ 8

ARGUMENT III

      DEFENDANTS PROVIDED WTPA WAGE NOTICE AND WAGE
      STATEMENTS UNDER NEW YORK LABOR LAW ............................ 9

ARGUMENT IV

      PLAINTIFFS HAVE NOT ESTABLISHED ANY "TOOLS OF THE
      TRADE" COSTS THAT ARE REIMBURSABLE BY DEFENDANTS ... 10

ARGUMENT V

      THE DEFENDANTS ACTED REASONABLE AND IN GOOD FAITH
      FOR THEIR FLSA AND NYLL OBLIGATIONS ...................................... 11

CONCLUSION ................................................................ 14

## <u>TABLE OF AUTHORITIES</u>

**CASE LAW**

<u>Amaker v. Foley</u>, 274 F.3d 677 (2d Cir. 2001) ............................................................... 2

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505 (1986) ......................... 2

<u>Angamarca v. Pita Grill 7, Inc.</u>, 11 Civ. 7777 (JGK)(JLC),2012 U.S. Dist. LEXIS 108322, 2012 WL 3578781 at *5 (S.D.N.Y. Aug. 2, 2012) ...............................3

<u>Barfield v. New York City Health & Hosps. Corp.</u>, 537 F.3d 132 (2d Cir. 2008) ...........12

<u>Carvente-Avila v. Chaya Mushkah Rest. Corp.</u>, 12 Civ, 5359 (KBF), 2016 U.S. Dist. LEXIS 75396, 2016 WL 3221141, at *1 (S.D.N.Y. Mar. 1, 2016) ................................ 5

<u>Copantitla v. Fiskardo Estiatorio, Inc.</u>, 788 F.Supp.2d 253, 287 (S.D.N.Y. 2011).......... 3, 6

<u>D'Amico v. City of New York</u>, 132 F.3d 1145, 1149 (2d Cir. 1998) ............................. 2

<u>Fengler v. Crouse Health Found, Inc.</u>, 595 F. Supp.2d 189, 195 (N.D.N.Y. 2009) ........ 8

<u>Fishkill Health Related Facility by Kasin v. Whalen</u>, 95 A.D.2d 974, 464 N.Y.S.2d 580 (3d Dept. 1983) ............................................................................................. 5

<u>Gunawan v. Sake Sushi Rest.</u>, 897 F. Supp.2d 76, 86-87 (E.D.N.Y. 2012) ................... 12

<u>Herman v. RSR Sec. Servs., Ltd.</u>, 172 F.3d 132, 142 (2d Cir. 1999) ............................ 12

<u>Holzapfel v. Town of Newburgh</u>, 145 F.3d 516, 524 (2d Cir. 1998).............................. 8

<u>Inclan v. New York Hospitality Group, Inc.</u>, 95 F.Supp.3d 490, 2015 U.S. Dist. LEXIS 39342 (S.D.N.Y. Mar. 26, 2015) ........................................................................ 7

<u>Llolla v. Karen Gardens Apartment Corp.</u>, 12-CV-1356, 2014 WL 1310311 *4 (E.D.N.Y. Mar. 10, 2014) ................................................................................... 11

<u>Matsushita Elec. Iindus. Co. V. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S. Ct. 1348 (1986)........................................................................................ 2

<u>McLaughlin v. Richland Shoe Co.</u>, 486 U.S. 128, 135 n. 13, 108 S.Ct. 1677 (1988) ..... 12

Preacely v. AAA Typing & Resume, Inc., 2015 U.S. Dist. LEXIS 33684, *5-6
(S.D.N.Y. Mar. 18, 2015) .......................................................................... 11

Shahriar v. Smith & Wollensky Restaurant Grp., 659 F.3d 2343, 239-240
(2d Cir. 2011) ........................................................................................... 3

Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) .................................. 2

White v. Baptist Mem'l Health Care Corp., 2011 W: 1883959, at *9,
(W.D. Tenn. May 11, 2011) ...................................................................... 8

Wolman v. Catholic Health Sys. of Long Island, Inc., 2012 WL 566255, at *7
(E.D.N.Y. Feb. 16, 2012) .......................................................................... 7

Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009) ........ 11

Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61 (2d Cir. 2003) ................. 12

**FEDERAL RULES OF CIVIL PROCEDURE**

Federal Rules of Civil Procedure 12(b)(6) ................................................ 2

Federal Rules of Civil Procedure § 56 ...................................................... 1, 14

Federal Rules of Civil Procedure § 56(a) .................................................. 2

Federal Rules of Civil Procedure 56( c) .................................................... 2

Federal Rules of Civil Procedure 56(e) ..................................................... 2

Local Rules 56.1 ....................................................................................... 2

**STATUTES/CODES**

12 N.Y.C.R.R. §146-1.3 ........................................................................... 3, 4, 5

12 N.Y.C.R.R. §146-1.4 ........................................................................... 6, 7

12 N.Y.C.R.R. §146-1.6(a) ....................................................................... 8, 9

12 N.Y.C.R.R. §146-2.2 ............................................................................ 4, 5

2010 N.Y. Laws Ch 564 §3 (Wage Theft Prevention Act "WTPA") ........ 9

29 U.S.C. § 201 *et seq*..................................................................................... 1

29 U.S.C. §203(m) ......................................................................................... 3

29 U.S.C. §206(a)(1) ...................................................................................... 3

29 U.S.C. §207(a)(1)....................................................................................... 6

29 U.S.C. §216(b) .......................................................................................... 12

29 U.S.C. §260 ............................................................................................... 12

New York Labor Law §195.1 ..................................................................... 3, 5, 9

New York Labor Law §195(3) ......................................................................... 10

New York Labor Law §195(3) ......................................................................... 10

New York Labor Law §661 ............................................................................. 10

## OTHER SOURCES

Mar. 4, 2015 NYDOL Letter Re: 12 N.Y.C.R.R. §§146-1.3 and 146-2.2 .................. 5

## PRELIMINARY STATEMENT

On or about October 24, 2017, Plaintiffs Isidro Garcia, Eliazar Valentin and Fermin Quiche (Collectively "Plaintiffs") filed a Second Amended Complaint (the "Complaint") in the instant action for alleged unpaid wages, alleged unpaid overtime, liquidated damages, and attorneys' fees, all in alleged violation of the Fair Labor Standard Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Laws. (Docket Entry 47). Plaintiffs also alleged claims of unpaid spread of hours' premium and statutory penalties under the New York Labor Laws. On or about November 27, 2017, the Defendants SAIGON MARKET, LLC (d/b/a SAIGON MARKET), HAU NGUYEN and JOHNATHAN NGUYEN'S (collectively, "Defendants") answered the Complaint, denying the aforementioned claims. (Docket Entry 50). Pursuant to Federal Rules of Civil Procedure § 56, Defendants submit the instant motion seeking summary judgment dismissing the Plaintiff's Complaint in it's entirety.

## STATEMENT OF FACTS

Plaintiffs, former restaurant employees, allege that the Defendants violated, among other statutes, the FLSA and New York Labor Laws, by allegedly failing to :1) pay minimum wages; (2) pay overtime and (3) pay spread of hours and wages. In addition, Plaintiffs allege that they never received any notices from Defendants that Defendants were taking a tip credit (i.e. reducing Plaintiffs' hourly pay in light of the fact that Plaintiffs were receiving tips). Further, Plaintiffs allege that they never received notices of their hourly pay and overtime rate of pay in writing. Plaintiff Garcia also alleges that he was not provided with an accurate wage statement. Plaintiffs allege that

1

New York Labor Law require the Defendants to do all of the aforementioned.  Defendants have denied all of Plaintiff's allegations.

Defendants' incorporate by reference their separate Statement of Undisputed Material Facts (hereinafter "SOMF") pursuant to Local Civil Rule 56.1 filed contemporaneously with the within Memorandum.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be entered if the moving party demonstrates that there are no material issues of fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. §56(a).  The Supreme Court has interpreted this to mean that summary judgment should be entered if a reasonable finder of fact could only find in favor of the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986).

The moving party has the initial burden of showing the absence of a genuine issue concerning any material fact.  Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003); Amaker v. Foley, 274 F.3d 677 (2d Cir. 2001).  Once the moving party has satisfied this initial burden, the non-moving party must respond with specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. §56(e).  The non-moving party may not rely on mere conclusory allegations nor speculation, but instead, must offer some hard evidence showing that its version of the events is not wholly fanciful.  D'Amico v. City of New York, 132 F.3d 1145, 1149 (2d Cir. 1998).  When the moving party carries it burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  Matsushita Elec. Iindus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348 (1986).

2

<u>**ARGUMENT I**</u>

**THE DEFENDANTS PROPERLY PAID PLAINTIFFS MINIMUM WAGE AND**

**OVERTIME WAGES PURSUANT TO THE FLSA AND NEW YORK LABOR LAW**

Both the FLSA and the NYLL permit an employer to pay a tipped worker a cash wage that is lower than the statutory minimum wage, provided that the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage. *See*, 29 U.S.C. §§203(m), 206(a)(1); 12 N.Y.C.R.R. §146-1.3(b), <u>Shahriar v. Smith & Wollensky Restaurant Grp.</u>, 659 F.3d 2343, 239-240 (2d Cir. 2011). This allowance against the minimum cash wage is known as a "tip credit".

**A.    FLSA**

Since July 24, 2009, FLSA has required employers to pay at least a minimum hourly rate of $7.25 to employees for every hour they work. 29 U.S.C. §206(a). Under 29 U.S.C. §203(m), an employee who receives tips may be paid at a rate below the minimum wage, "meaning the minimum wage minus the 'tip credit,' so long as the employer '(1) inform[s] the employee of the 'tip credit' provision of the FLSA, and (2) permit[s] the employee to retain all of the tips the employee receives.'" <u>Angamarca v. Pita Grill 7, Inc.</u>, 11 Civ. 7777 (JGK)(JLC), 2012 U.S. Dist. LEXIS 108322, 2012 WL 3578781 at *5 (S.D.N.Y. Aug. 2, 2012), *quoting*, <u>Copantitla v. Fiskardo Estiatorio, Inc.</u>, 788 F.Supp.2d 253, 287 (S.D.N.Y. 2011).

The employer "bears the burden of showing that [it] satisfied the FLSA's notice requirement". Here, the testimony of Defendant Hau Nguyen demonstrates that the Plaintiffs that they were tipped employees, and explained their pay, along with having them sign a New York State Department of Labor Notice and Acknowledgment of Pay Rate and Payday under Section 195.1 of

the New York State Labor Law. (See Exhibit "B", p. 55, lines 3 - 13; p. 57, lines 9 -15; p. 82, line 6 -14; p. 90, lines 2-10; Exhibits "D", "E" and "F").

While the federal tipped wage rate is $2.13, under the New York State Department of Labor, Division of Labor Standards, effective 1/1/11, the minimum wage was $7.25. However, employers of food service workers are entitled to a reduction of $2.25 for tips, bringing the total amount owed to $5.00 per hour. Additionally, effective 12/31/13, the minimum wage was raised to $8.00, with food service workers entitled to a $3.00 reduction, bringing the total amount to $5.00 per hour. Finally, effective 12/21/14, the minimum wage was raised to $8.75 with a tip reduction of $3.75 for food service workers, bringing the total amount due to $5.00. Accordingly, a review of the Plaintiff's pay-stubs indicate that each of the Plaintiff's was paid the proper hourly minimum wage of $5.00 per hour for up to the first forty hours of each week worked.

B.    **NEW YORK LABOR LAW**

Since January 1, 2011, New York Labor Law has permitted employers to "take a credit towards the basic minimum hourly rate if a service or food service worker receives enough tips and if the employee has been notified of the tip credit as required in N.Y.C.R.R. §146-2.2", 12 N.Y.C.R.R. §146-1.3. Pursuant to Section 146-2.2, employers qualify for the tip credit only if they provide employees with written notice stating (1) "the amount of tip credit ... to be taken from the basic minimum hourly rate", and (2) that "extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate." 12 N.Y.C.R.R. §146-2.2(a). The written notice must be provided in English and in any other primary language, and the employer must retain an acknowledgment of receipt of such notice, signed by the employee, for at least six years. 12 N.Y.C.R.R. §146-2.2(a), (c).

4

The New York Department of Labor (NYDOL) has interpreted 12 N.Y.C.R.R. §§146-1.3 and 2.2 to permit employers lawfully to claim the tip credit if they can prove that their employees understood that they were being paid pursuant to the tip credit minimum wage. According to a letter issued by the NYDOL, "a food service employer is eligible to claim the tip credit even when they fail to provide written notice of the tip credit rules[,] provided that the employer can demonstrate compliance with all of the other minimum wage requirements and that their employees understood the manner in which the employer took the tip credit". Carvente-Avila v. Chaya Mushkah Rest. Corp., 12 Civ, 5359 (KBF), 2016 U.S. Dist. LEXIS 75396, 2016 WL 3221141, at *1 (S.D.N.Y. Mar. 1, 2016) (quoting Mar. 4, 2015 NYDOL Letter Re: 12 N.Y.C.R.R. §§146-1.3 and 146-2.2. ("NY DOL Letter"). The rationale behind this statement is threefold: (1) the plain language of §146-1.3 does not require written notice; (2) the "need to prevent unintended consequences, such as loss of eligibility for the tip credit for otherwise compliant employers," creating a windfall for employees; and (3) the penalties for not complying with the written notice are sufficiently high to already deter employers. Carvente-Avial, 2016 U.S. Dist. LEXIS 75396, 2016 WL 3221141, at *2 (citing NYDOL Letter). As the Carvente Court held, the NYDOL was entitled to deference because it does not contravene the "regulatory and statutory scheme of New York's other labor regulations". (quoting, Fishkill Health Related Facility by Kasin v. Whalen, 95 A.D.2d 974, 464 N.Y.S.2d 580, 582 (3d Dept. 1983).

In the instant matter, the Defendants did provide each of the Plaintiffs with a Notice and Acknowledgment of Pay Rate and Payday under Section 195.1 of the New York State Labor Law, which inadvertently indicated that there were no allowances for "tips" taken. (See Exhibits "D", "E" and "F"). However, in addition to the Notice and Acknowledgment, and at all times relevant in the Complaint, the Defendants also maintained a sign in the kitchen area where Plaintiff's worked

advising them of the minimum wage and tip credit.  Further, a review of the signed tip reporting sheets and pay stubs contained in Exhibits "G", "H", "I", "J" and "K" indicate that the Plaintiff's not only received all of the tips earned, but that they were aware that they were receiving the tip credit. Accordingly, the Defendants were entitled to take the tip credit.

As each of the within Plaintiffs were hired as "food service workers" whose main responsibility were the delivery of food items from the Defendant's restaurant.  Accordingly, under the New York State Department of Labor, Division of Labor Standards, effective 1/1/11, the minimum wage as $7.25.  However, employers of food service workers are entitled to a reduction of $2.25 for tips, bringing the total amount owed to $5.00 per hour.  Additionally, effective 12/31/13, the minimum wage was raised to $8.00, with food service workers entitled to a $3.00 reduction, bringing the total amount to $5.00 per hour.  Finally, effective 12/21/14, the minimum wage was raised to $8.75 with a tip reduction of $3.75 for food service workers, bringing the total amount due to $5.00.  Accordingly, a review of the Plaintiff's pay-stubs indicate that each of the Plaintiff's was paid the proper hourly minimum wage of $5.00 per hour for up to the first forty hours of each week worked..

### C.   OVERTIME WAGES

Both the FLSA and regulations issued pursuant to the NYLL require an employer to pay an overtime wage of one and one-half times the regular rate for each hour worked in excess of forty hours per work week.  29 U.S.C. §207(a)(1); 12 N.Y.C.R.R. §146-1.4.  For tipped employees, the minimum overtime cash wage is the employee's regular rate of pay before subtracting any tip credit, multiplied by one and one-half, minus the tip credit.  Copantitle, 788 F.Supp.2d at 291-292.  Thus, under both federal and state law, "it is a violation of the overtime requirement for an employer to

6

subtract the tip credit first and then multiply the reduced rate by one and one and one half."  12 N.Y.C.R.R. §146-1.4.  Instead, a lawful overtime wage for tipped employees paid the minimum tip credit wage is calculated by multiplying the statutory minimum wage by one and one half and then subtracting the tip credit.  Inclan v. New York Hospitality Group, Inc., 95 F.Supp.3d 490, 2015 U.S. Dist. LEXIS 39342 (S.D.N.Y. Mar. 26, 2015).

In the instant action, for the period from on or about September 29, 2013 through December 31, 2013, the overtime amount owed would be $8.63, which represents the minimum wage of $7.25 x 1.5 - 2.25 (tip credit)= $8.63.  For the period of from January 1, 2014 through December 21, 2014, the overtime amount due would be $9.00, which represents the minimum wage of $8.00 x 1.5 - $3.00 (tip credit)= $8.00.  Finally, for the period of December 21, 2014 through December 27, 2015, the overtime amount due would be $9.3751, which represents was the minimum wage of $8.75 x 1.5 - 3.75 = $9.3751.  A review of the pay stubs show that the Plaintiffs were paid the proper minimum wage amounts, for those periods in which they worked over forty hours per week. (See Exhibits "G", "H", "I", "J" and "K").

It should be noted that the pay stubs normally indicate a maximum of thirty seven (37) hours per week instead of the full forty (40) hours before the Defendants authorized overtime pay.  As explained in the testimony of Hau Nguyen, each of the employees receive a regular half an hour break for lunch and dinner, or one hour a day without clocking out.  The break time is deducted from their total time worked, but the Defendants still give the employees the unpaid break time as a credit towards the forty hour minimum in calculating when to apply the overtime rate.  (Exhibit "B", page 66 -67, lines 22 -25; 2- 10).  Courts have recognized that "automatic meal deduction policies are not per se illegal".  Wolman v. Catholic Health Sys. of Long Island, Inc., 2012 WL 566255, at *7

(E.D.N.Y. Feb. 16, 2012); see also, <u>Fengler v. Crouse Health Found, Inc.</u>, 595 F. Supp.2d 189, 195 (N.D.N.Y. 2009) ("[t]he mere existence an implementation of a policy or practice of making automatic deductions for scheduled meal breaks in and of itself does not violate the FLSA.") "It is the failure of an employer to compensate employees who work through those unpaid meal breaks, and to police and oversee hourly workers and their supervisors to ensure that when working through or during unpaid meal break they are compensated, that potentially runs afoul of the Act." <u>Fengler</u>, 595 F. Supp.2d at 195; see also, <u>White v. Baptist Mem'l Health Care Corp.</u>, 2011 WL 1883959, at *9, (W.D. Tenn. May 11, 2011)("Where an employer's formal policy is to compensate employees for all time worked, courts have generally required a showing that the employer's common or uniform practice was not to follow its formal, written policy.")(quotations omitted).  Additionally, it is Plaintiffs burden to show that there is a general dispute as to whether or not they worked during the unpaid meal breaks and that Defendants were aware that they were not paid for said time. "While an employer must pay for work it suffers or permits, an employer cannot suffer or permit an employee to perform services about which the employer knows nothing." <u>Holzapfel v. Town of Newburgh</u>, 145 F.3d 516, 524 (2d Cir. 1998).

**ARGUMENT II**

**<u>THE DEFENDANTS PROPERLY PAID PLAINTIFFS SPREAD OF HOURS PAY UNDER NEW YORK LABOR LAW</u>**

Under the regulations implementing the NYLL, a restaurant employee is entitled to an additional hour of pay at the minimum hourly rate "[o]n each day which the spread of hours exceeds [ten]." 12 N.Y.C.R.R. §146-1.6(a).  The term "spread of hours" is defined as "the length of the

8

interval between the beginning and end of an employee's workday .... includ[ing] work time plus time off for meals plus intervals off duty." 12 N.Y.C.R.R. §146-1.6.

Here, a review of the time records, payroll list and wage statements show that for the time period from September 29, 2013 to December 31, 2013, any spread of hour pay was $7.25 per hour. For the period from January 1, 2014 through December 21, 2014, any spread of hour pay was $8.00 per hour. Finally, for the period from January 1, 2015 through December 27, 2015, any spread of hour pay was $8.75. All of the spread of hour pay amounts match the regular hourly wage as set forth by New York Labor Law, and discussed more fully above. Accordingly, the records show that the Plaintiffs received the proper spread of hour pay for each day that they worked over ten hours. (See Exhibits "G", "H", "I", "J" and "K").

## ARGUMENT III

## DEFENDANTS PROVIDED WTPA WAGE NOTICE AND WAGE STATEMENTS UNDER NEW YORK LABOR LAW

Under the New York State Wage Theft Prevention Act ("WTPA"), effective April 9, 2011,, an employer must, at the time of an employee's hiring, and then annually on or before the first of February, provide an employee with a wage notice containing, inter alia, allowances claimed as part of the minimum wage. 2010 N.Y. Laws ch 564 §3.

The Defendants did provide each of the Plaintiff's with a Notice and Acknowledgment of Pay Rate and Payday under Section 195.1 of the New York State Labor Law. As to the relevant time periods alleged in Plaintiff Garcia's claims, Mr. Garcia received an annual Notice and Acknowledgment on January 22, 2013; January 9, 2014 and January 1, 2015. (Exhibit "D"). Plaintiff Valentin received his Notice at or near the time of his hiring, as acknowledged on January

20, 2014.  (Exhibit "E").  Plaintiff Quiche received his Notice at or near the time of his hiring, as acknowledged on January 1, 2015.  (Exhibit "F").

The WTPA also requires employers to include in each employee's pay statement an accounting of "gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages."  NYLL §195(3).  Based on the Plaintiff's Second Amended Complaint, the only Plaintiff seeking damages on this cause of action is Plaintiff Garcia.  (Exhibit "A", Seventh Cause of Action, ¶¶ 132-134.

Further, as demonstrated by Exhibits "D", "E", "F", "G", "H", "I", "J" and "K", the Defendants upheld their legal responsibility to maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records.   N.Y. Labor Law §§ 195, 195(4), 661.

As demonstrated in the time cards, payroll lists and pay stubs provided by Defendant's payroll company, the Defendants provided Plaintiff Garcia with an accurate statement of all wages owed, all wages paid and accepted by the Plaintiff, which were maintained pursuant to NY Labor Law.  (Exhibits "G", "H" and "I").

## ARGUMENT IV

## PLAINTIFFS HAVE NOT ESTABLISHED ANY "TOOLS OF THE TRADE"
## COSTS THAT ARE REIMBURSABLE BY DEFENDANTS

The Plaintiffs also claim damages for reimbursement of "the costs and expense for purchasing and maintaining equipment and 'tools of the trade' required to perform their jobs".  As demonstrated by the testimony of Hau Nguyen, the Defendants provided the Plaintiffs with uniforms, "bells and things like that, and numbers."  (Exhibit "B", p. 78-79, lines 17 -25, line 1).  While the Plaintiffs were responsible for providing their own bicycle, there is no documentary evidence that

any of the alleged un-reimbursed costs and/or expenses were related to their employment, rather than the personal use of their bicycles.  Furthermore, there has been no evidence that the Plaintiffs were required to purchase any additional equipment, i.e. helmets, whistles, etc., as a condition of their employment. As such, the Plaintiffs are not entitled to reimbursement for any alleged costs and expenses related to supposed "tools of the trade" items.

## ARGUMENT V

## THE DEFENDANTS ACTED REASONABLY AND IN GOOD FAITH
## FOR THEIR FLSA AND NYLL OBLIGATIONS

The Plaintiffs have failed to demonstrate that the Defendants acted with any willful disregard for their obligations under the FLSA or the NYLL, warranting a three year FLSA limitations period or liquidated damages.  Initially, with respect to the burden of proof, the employee, as opposed to the employer, has the burden of showing willfulness in order to extend the statute of limitation from two to three years.  Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009).  Plaintiffs only proffer insufficient conclusory assertions in their pleadings to support their claims.  See, Preacely v. AAA Typing & Resume, Inc., 2015 U.S. Dist. LEXIS 33684, *5-6 (S.D.N.Y. Mar. 18, 2015) (citing, Llolla v. Karen Gardens Apartment Corp., 12-CV-1356, 2014 WL 1310311 *4 (E.D.N.Y. Mar. 10, 2014) (explaining conclusory allegations "do not suffice, without more, to establish defendants' willfulness.") An employer's conduct is not will ful even if the employer acts unreasonably, so long as it is not reckless.  As the Supreme Court explained:

> If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful under either petitioner's test or under the standard we set forth.  If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then, although its action would be considered willful under petitioner's test, it should not be so considered under Thurston

11

or the identical standard we approve today.  <u>McLaughlin v. Richland Shoe Co.</u>, 486 U.S. 128, 135 n. 13, 108 S.Ct. 1677, 1682 (1988)

"The fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant between ordinary violations and willful violations."  <u>Gunawan v. Sake Sushi Rest.</u>, 897 F. Supp.2d 76, 86-87 (E.D.N.Y. 2012) (quoting <u>McLaughlin</u>,*supra*, at 132).

In <u>Barfield v. New York City Health & Hosps. Corp.</u>, 537 F.3d 132, 140 (2d Cir. 2008) (citing 29 U.S.C. §216(b)), the Court may deny liquidated damages where the employer shows it acted in "subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA."  Similarly, 29 U.S.C. §260 provides that if the employer shows that the act or omission giving rise to recovery for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the FLSA was in good faith and that the employer had reasonable grounds for believing that his act or omission was not a violation of the FLSA, the court may, in its sound discretion award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.  To establish good faith, the employer must take active steps to ascertain that they are in compliance with the FLSA and then act to comply with them. <u>Herman v. RSR Sec. Servs., Ltd.</u>, 172 F.3d 132, 142 (2d Cir. 1999) holding modified on other grounds by <u>Zheng v. Liberty Apparel Co. Inc.</u>, 355 F.3d 61 (2d Cir. 2003).

Here, the Defendants maintain that the Plaintiffs were properly reimbursed for all hours worked, including overtime and spread of hours pay.  Additionally, based on the testimony of Hau Nguyen, it is clear that the Defendants acted reasonably and in good faith based on the representations made to them by their payroll company.  As Ms. Nguyen testified:

20.     Q.  Who decides how much to pay
21. employees?
22.     A.  The law.  I pay minimum wage.

(Exhibit "C", page 22, lines 20 -22)

13.     Q.  How did you find out that you needed
14. to pay them minimum wage, who told you that?
15.     A.  As the owner, as a business owner,
16. you have to know  – you have to go by the law.
17.     Q.  So did you look it up on-line? Did
18. you have a lawyer with - -
19.     A.  I have payroll people.  I have - -
20. yes.
21.     Q.  The payroll people, is that an
22. outside company?
23.     A.  Yes.

(Exhibit "C", page 23, lines 13 -24)

10.     Q.  Did you ever hire anybody to tell you
11. how to comply with the laws?
12.     A.  My payroll company, I pay them to - -
13. and they teach me, they tell me what to do.  And
14. if I have any question I don't understand, I
15. call them.
16.     Q.  So they make sure you're in
17. compliance with all federal and state laws?
18.     A.  Um-hmm.  Yes.
(Exhibit "C", page 50, Lines 10-18)

6.     Q.  Do you know what a tip credit is?
7.     A.  Yeah.  Tip - - okay, so my payroll
8. people says like, for example, a tip credit, for
9. example, if they are paying $5, but the minimum wage
10. is $15, so if they don't make enough tip to make
11. it up to $15, the owner has to make it up.

*****

19.     Q.  When did you state to - - or when did
20. you decide to start paying employees
21. tip-credited rates.

13

22.     A.  I don't decide that.  The payroll
23. people does that.  It's automatic.

(Exhibit "C", page 51, lines 6 -11 and 19-23)

As such, the Defendant has established that it acted reasonably and properly paid the

Plaintiffs all amounts owed.

## **CONCLUSION**

There being no issues of material fact to be decided by a jury herein, the Court should grant

Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, in its entirety,

dismissing all of Plaintiffs claims, against Defendants, Saigon Market, LLC (d/b/a Saigon Market),

Hau Nguyen and Johnathan Nguyen.

Dated:  November 5, 2018
        Hicksville, New York

                                        MARCOTE & ASSOCIATES, P.C.

                                        */s/ William K. Joseph*_____
                                        By: William K. Joseph, Esq. (WJ7900)
                                        Attorneys for Defendants ROBERT
                                        CEGIELSKI and JOHN CEGIELSKI
                                        108 New South Road
                                        Hicksville, New York 11801
                                        File No.: MA14-1482
                                        Tel: (516) 280-2281
                                        Fax: (516) 280-2283
                                        E-Mail Address: wjoseph@marcotelaw.com

14

**CERTIFICATE OF SERVICE**

I, WILLIAM K. JOSEPH, do hereby certify under the penalties of perjury as follows:

I am an member of the law firm of MARCOTE & ASSOCIATES, P.C., attorney(s) for the within named defendants, SAIGON MARKET, LLC (d/b/a SAIGON MARKET), HAU NGUYEN and JOHNATHAN NGUYEN, that on the 5th  day of November, 2018, I served the within **'NOTICE OF MOTION'; 'DECLARATION OF WILLIAM K. JOSEPH'; 'STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS SAIGON MARKET, LLC (d/b/a SAIGON MARKET), HAU NGUYEN and JOHNATHAN NGUYEN'S MOTION FOR SUMMARY JUDGMENT' AND 'DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT'** upon the attorney(s) record for the Plaintiff **via ECF** and directed to said attorney(s) at:

**MICHAEL FAILLACE & ASSOCIATES, P.C.**
Attorney(s) for Plaintiff(s):
ISIDRO GARCIA, ELIAZAR VALENTIN and FERMIN QUICHE
60 East 42nd Street, Suite 2540
New York, New York 10165

being the address within the State designated by them for that purpose upon the proceeding papers in this action, or the place where they then kept an office, between which places there then was and now is a regular communication by mail. Furthermore, as stated above I personally delivered a copy of this motion and all supporting papers to the office listed above.

*/s/ William K. Joseph*
William K. Joseph, Esq. (WJ7900)

15

# UNITED STATES DISTRICT COURT
### for the
# SOUTHERN DISTRICT OF NEW YORK

### INDEX NUMBER: 15-CV-09433

---

ISIDRO GARCIA, ELIAZAR VALENTIN and FERMIN,
QUICHE,  individually and on behalf of others similarly situated,

-against-

SAIGON MARKET, LLC (d/b/a SAIGON MARKET),
HAU NGUYEN and JOHNATHAN NGUYEN,

---

## 'MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT'

---

## MARCOTE ASSOCIATES, P.C.
*Attorney and Counselors at Law*
Attorneys for Defendants:
SAIGON MARKET, LLC (d/b/a SAIGON MARKET),
HAU NGUYEN and JOHNATHAN NGUYEN
108 NEW SOUTH ROAD
HICKSVILLE, NEW YORK 11801
PHONE:(516) 280-2281
FAX:  (516) 280-2283

---