UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
ISIDRO GARCIA, ELIAZAR VALENTIN and FERMIN,
QUICHE, individually and on behalf of others similarly         Index No.: 15-CV-09433
situated,                                                                              (VSB)(SLC)

     -against-

SAIGON MARKET, LLC (d/b/a SAIGON MARKET),
HAU NGUYEN and JOHNATHAN NGUYEN,

                              Defendant(s),
---------------------------------------------------------------------------X

## DEFENDANTS OPPOSITION TO PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Plaintiff's are correct in their statement that pursuant to the Order of Judge Vernon S. Broderick, dated September 24, 2019, that the Plaintiff's are entitled to unpaid minimum wage and overtime pay for hours worked in excess of 40 hours per week.

2. In order to avoid redundancy of the production of the records in this matter, the Defendants reference Plaintiff's Exhibit "C" and those records filed under ECF Docket Entries #82-8 through #82-15 in support of the arguments and calculations contained herein.

3. The Defendant's do not challenge the minimum wage and overtime wages schedule as indicated by the Plaintiff, however, do challenge the calculation of damages submitted by the Plaintiff.

4. In the Plaintiff's letter application for an extension of time to file their Proposed Findings of Fact and Conclusions of Law, dated November 18, 2019, the Plaintiff's

acknowledged that they were "accepting Defendant's records of hours worked to be accurate". (Docket Entry 103). However, in their calculations they have not accurately determined the amount of hours for which Plaintiff's may be entitled for reimbursement.

5. For example, for Plaintiff Garcia, the Plaintiff claims that for the week 7/13/14 to 7/20/14, he worked 14.15 hours of overtime. (Docket Entry 105, Page 9). However, a review of the Defendant's records indicate that he only worked 14.09 hours of overtime. (Docket Entry 82-10, Page 3). The Plaintiff offers no explanation for the increase in their calculation of overtime hours.

6. There are several other weeks in which the Plaintiff has credited additional overtime hours without explanation, which are shown in the attached calculation of damages. (See **Exhibit 1).**

7. Additionally, with respect to Plaintiff Valentin, the Plaintiff miscalculates the amounts owed. More specifically, the Plaintiff calculates $370.00 for the amount of minimum wage due for the week 4/27/14 to 5/4/14, however, the correct amount is $111.00. (See Docket Entry 105, Page 10). The correct calculation is $111.00, which represents 37 hours x $3.00 ($8.00 MW - $5.00 amount paid) = $111.00.

8. The Plaintiff previously acknowledges that $111.00 is the correct amount in several calculations, but then offers no explanation for the difference for the period 4/27/14 to 5/4/14. The Defendants proposed calculations are attached hereto as **Exhibit 2**.

9. The Plaintiff also miscalculates the amounts owed for weeks 5/4/14 to 5/11/14 and 5/11/14 to 5/18/14. (See Docket Entry 105, Pages 10 and 11).

10. While the Plaintiff admits that they are only due overtime wages for those hours worked over 40 hours, for Plaintiff Quiche, they attempt to credit him with additional overtime hours that are not outside the 40 hour minimum.

11. In preparing their calculations, the Plaintiff does acknowledge that Plaintiff Quiche worked 37 or 38 hours, and reduced the amount of alleged overtime hours to only those hours worked in excess of 40 hours.

12. For example, for the week 5/24/15 to 5/31/15, the Plaintiff indicates that he worked 37 hours plus 4.42 hours overtime, based on Defendant's pay statements. In their calculations, they correctly reduce their claim for overtime hours to 1.42, recognizing that the overtime pay does not begin until after the Plaintiff has worked 40 hours. (37 + 4.42 = 41.42 - 40= 1.42. (See Docket Entry 105, Page 24).

13. In contrast, for the week 7/12/15 to 7/19/15, the Plaintiff attempts to credit 1.22 overtime hours. (See Docket Entry 105, Page 24). The plaintiff acknowledges that he was worked only 37 hours, plus an indication of 1.22 overtime hours, based on the pay statements. However, 37 + 1.22 = 38.22, which is less than the 40 hour work week minimum.

14. The Defendants proposed calculations for Plaintiff Quiche are attached hereto as **Exhibit 3.**

15. Further, for Plaintiff's Valentin and Garcia, the Plaintiff incorrectly credits hours for sick time or holiday paid time off that should not be credited towards either the minimum wage or overtime calculations.

16. The Fair Labor Standards Act (FLSA) requires employers to pay nonexempt employees time and one half of the employees' regular rate of pay for all hours worked over 40 in a workweek. Employers do not have to count paid holidays, paid time off (PTO), vacation, personal and sick leave hours taken by an employee toward the calculation of the overtime requirement, because these hours are not actually "worked" and are therefore not considered as hours counted toward overtime under the FLSA.

17. For Plaintiff Valentin, he claims ten (10) hours of sick time for the week 5/25/14 to 6/1/14. (See Docket Entry 105, Page 11).

18. For Plaintiff Garcia, he claims eight (8) hours that were paid for "Thanksgiving" for the week 11/24/13 to 12/1/13. (See Docket Entry 105, Page 12).

19. Generally, "[t]he decision to award prejudgment interest is discretionary, and is based on the need to fully compensate the wronged party, [the] fairness of the award, and the remedial purpose of the statute involved." Najnin v. Dollar Mountain, Inc., No. 14-CV-5728, 2015 WL 6125436, at *3 (S.D.N.Y. Sept. 25, 2015)(*citations omitted*). A plaintiff who recovers liquidated damages under the FLSA, however, is not also entitled to prejudgment interest on his or her FLSA damages. *See*, Fermin v. Las Delicias Peruanas Rest, Inc., 93 F. Supp, 3d 19, 48 (E.D.N.Y. 2015) ("'it is weel settled that in an action for violations of the [FLSA] prejudgment interest may not be awarded in addition to liquidated damages.'" (quoting Begum v. Ariba Disc., Inc., No. 12-CV-6620 (DLC)(KNF), 2015 WL 223780, at *3 (S.D.N.Y. Jan. 16, 2015)).

20. Given that FLSA liquidated damages serve as compensatory, rather than punitive purpose, "there is no need to employ pre-judgment interest to restore Plaintiffs to a position they would have otherwise enjoyed absent the wage-protection violation", *Id.*. Thus, in an action where both FLSA and NYLL claims are bought, "courts do not award statutory prejudgment interest on any portion of the recovery for which liquidated damages were awarded under the FLSA." Andrade v. 168 First ave. Rest. Ltd., No. 14-CV-8268 (JPO)(AJP), 2016 WL 3141567, at *9 n. 7 (S.D.N.Y. June 3, 2016), *report and recommendation adopted*, 2016 WL 3948101 (July 19, 2016).

21. Pursuant to New York state law, "prejudgment interest is calculated ... on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law." Mejia v. East Manor USA Inc., No. 10-CV-44313 (NG), 2013 WL 3023505, at*8 n. 11 (E.D.N.Y. Apr. 19. 2013)(*citations omitted*), *report and recommendation adopted,* 2013 WL 2152176 (May 17, 2013).

22. Under both the FLSA and the NYLL, the prevailing party in wage and hour cases is entitled to recover costs and reasonable attorneys' fees. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). A reasonable fee is calculated by determining "the lodestar -the product of a reasonable hourly rate and the reasonable number of hours required by the case-which creates a presumptively reasonable fee." Stanczyk v. City of New York, 752 F.3d 273, 284 (2d Cir. 2014)(internal citations, alterations, and quotation marks omitted). In assessing the reasonableness of attorneys' fees, the Court must consider: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the

preclusion of employment by the attorney due to the acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; ... (12) the awards in similar cases;" and the fact that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany, 522 F.3d 182, 186 n.3, 190 (2nd Cir. 2008).

23. Here, Plaintiffs' counsel has submitted a six (6) page bill in support of their claim for attorney's fees (Docket Entry No. 105, Pages 29 - 34), along with the statements of Mr. Gennadiy Naydenskiy, Esq. regarding the qualifications of each of the members of the Plaintiff's Firm who performed work on the matter. Based on the limited information provided, the rates requested are excessive.

24. "[T]he range of fees in this District for 'seasoned civil rights litigators', particularly those in small firms, is between $200/hr and $300/hr." Munson v. Diamond, No. 15-CV-00425 (DAB)(BCM), 2017 U.S. Dist. LEXIS 85143, at *27, (S.D.N.Y. June 1, 2017), quoting Pascuiti v. New York Yankees, 108 F. Supp. 2d 258, 266 (S.D.N.Y. 2000). "Even including a standard inflation factor (as provided by the Bureau of Labor Statistics), the range for these 'seasoned' litigators would be $254-381 today." Munson, *supra*, quoting Yea Kim v. 167 Nail Plaza, Inc., 2008 U.S. Dist. LEXIS 111900, 2009 WL 77876 (S.D.N.Y. Jan, 12, 2009). In Munson, the Court found that

the appropriate fee for the primary attorney, Mr. Bellantoni who had "significant experience handling civil rights matters" based on a review of an eight-page summary detailing the experience of each attorney and the hours expended on the action, was "$300 per hour".

25. The Munson Court also cited to the following cases which are applicable to show the standard rate in the District. In Gurung v. Malhotra, 851 F.Supp. 2d 583, 597 (S.D.N.Y. 2012), the Court found "Courts in this District have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450." Additionally, in Liang Huo v. Go Sushi Go 9th Ave., 2014 U.S. Dist LEXIS 51621, 2014 WL 1413532, at *8 (S.D.N.Y. Apr. 10, 2014), that Court awarded $350.00 per hour to plaintiff's counsel, who "has been practicing law for almost 10 years" and "spends approximately 70% of his time litigating employment-related issues". Munson, 2017 U.S. Dist. LEXIS 85143, at *28.

26. The requested rate of $450.00 for Attorney Michael Faillace is excessive. While, Mr. Faillace is well known to the Court for handling FLSA matters, there is a litany of cases in which the rate of $450.00 was found to be excessive. As cited by Judge Alison J. Nathan in Lazo v. Kim's Nails at York Avenue, Inc., et al, the "Court also finds that managing partner Michael Faillace's rate of $450.00 per hour is excessive. See Lopez v. Ploy Dee, Inc., No. 15-CV647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (noting that "the rates at which Plaintiff's counsel Michael Faillace seeks to bill are on the high end of what is typical in FLSA cases, and have

previously been reduced by several courts in this district".) *Internal citations omitted*. (No. 17-CV-03302 (AJN))(S.D.N.Y. Jan. 2, 2019).

27. Further, Courts in this District have held that a reasonable rate for associates in this type of matter is $250.00. Munson, 2017 U.S. Dist. LEXIS 85143, at *28. *See also*, Galeana v. Lemongrass on Broadway Corp., 120 F. Supp. 3d 306, 2014 WL 1364493, at *21 (S.D.N.Y. 2014) (awarding hourly rate of $250 to junior associate who focused on employment); Gurung 851 F.Supp. 2d 583, 597 (S.D.N.Y. 2012)(awarding hourly rate of $275 third year associates). Additionally, see also Johnson v. Strive E. Harlem Empl. Group, 12 Civ. 4460 (HB), 2014 U.S. Dist. LEXIS 10342, 2014 WL 308347, at *1 (S.D.N.Y. Jan. 28, 2014) (awarding hourly rate of $250 to plaintiff's attorney with two years of experience who failed to supply any information about her bar admission). As such, based on the factors indicated above, the request for $350.00 per hour for Attorney Naydenskiy and $250.00 per hour for Attorney Amant is not reasonable.

28. In Sanchez v. JYP Foods, Inc., Magistrate James L. Cott determined that Attorney Naydesnkiy was entitled to a reasonable rate of $200.00. (No. 16-CV-4472 (JLC))(S.D.N.Y. Sept. 20, 2018).

29. Further, given Ms. Amant's less than one year of experience at the time she worked on the file, and failure to indicate when she was admitted to the Bar, an award of $175.00 is appropriate. *See*, Lazo v. Kim's Nails at York Avenue, Inc., *supra*, (not disturbing rate of Associate Sara Isaacson's hourly rate of $175.00 which it determined "reasonable").

30. Finally, the Court should "examine contemporaneous time records that identify, for each attorney, the hours expended on a task, 'with a view to the value of the work product of the specific expenditures to the client's case.'" Angamarca v. Pita Grill 7 Inc., 2012 U.S. Dist. LEXIS 108322, 2012 WL 3578781, at *12 (S.D.N.Y. Aug. 2, 2012) (quoting, Luciano v. Olsten Corp., 109 F.3d 11, 116 (2d Cir. 1997)). "[I]n dealing with items that are 'excessive, redundant, or otherwise unnecessary, ... the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'" Francois v. Mazer, 523 Fed. Appx. 28, 29 (2d Cir. 2013)(quoting, Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998)).

31. Plaintiffs' bill is replete with billing entries that are too vague to provide insight into the efficiency or necessity of those tasks, and do not sufficiently demonstrate the actual work performed. Sevilla v. Nekada, Inc., 16-CV- 2368 (AJP), 2017 WL 1185572, at *6 (S.D.N.Y. Mar. 30, 2017). This includes entries for "discussed case with staff"; "discussed case with SC", "discussed case with CM", "status letter" and "discussed case with HA". There is no indication in any of the records who "SC", "CM" or "staff" references. Presumably, CM is Colin Mulholland who was originally working on the matter, but who's billing records do not appear to be a part of the "contemporaneous time records" submitted. See, Sanchez, et al. v. DPC New York, et al. 17-CV-0455 (AJN)(SDA) (S.D.N.Y. June 3, 2019) (noting where there were no corresponding entries from Santos or Hershan, the entries were excluded from fee award, citing Anthony v. Franklin First Fin., Ltd., 844 F.Supp. 2d 504, 509

        (S.D.N.Y. 2012)(finding time billed for internal meetings between attorneys assigned to case to be excessive).

32. Additionally, there are numerous entries for "discovery responses" and "Document preparation Document preparation of Defendant docs" without further explanation of what tasks were being performed. "[V]ague or 'block-billed' time records may be insufficient to substantiate a party's claimed expenditure of time." *See*, Thai-Lao Lignite (Thailand) Co., Ltd v. Gov't of Lao People's Dem. Repub., No. 10-CV- 5256 (KMW)(DF), 2012 WL 5816878, at *10 (S.D.N.Y. Nov. 14, 2012).

33. Further, there are entries from Mr. Naydesnkiy for "review deposition of Def." and "review deposition of Defendant and discovery by Def" on October 29, 2018, after Attorney Amant left the Plaintiff's firm. (See Docket Entry 105, Page 30). As held in Gamero v. Koodo Sushi Corp. d/b/a Koodo Sushi, et al., the "Court will not task Defendants with fees occasioned by changes within Plaintiffs' legal team". 15-CV-02697 (KPF)(S.D.N.Y. Sept. 7, 2018).

34. Accordingly, the requested fees should be reduced. *See*, Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (approving percentage based reduction in fees for vague billing entries); Cho v. Koam Med. Servs., P.C., ("[m]any of the time records contain vague explanations of the work performed," including "many entries that describe the work performed as 'review of case issues' or 'confer re case strategy issues.' These entries are not sufficiently specific to permit the Court to determine whether the attorneys spent their time on reasonable necessary tasks much less efficiently") 524 F. Supp.2d 202, 209 (E.D.N.Y. Sept. 26, 2017).

35. There are also billing entries that could easily have been done by more junior attorneys, rather than the head of the firm, such as reviewing and correcting the Complaint, wherein Plaintiff's firm, "exclusively specializes in this area of law" and "could have easily assigned the drafting, finalizing, and filing of the complaint to a more junior attorney, rather than billing top dollar for eight hours". <u>Cabrera v. 1560 Chirp Corp. (d/b/a/ Chirping Chicken) et al</u>, 15-CV-8194 (TPG) (S.D.N.Y. Apr. 10, 2017).

36. Additionally, the entries for Attorney Faillace for January 29, 2016 indicate that he "interviewed 2 new clients and got the facts for the complaint". (Docket Entry 105, Page 29). However, as Judge Broderick correctly noted in his decision, the initial complaint in the matter was filed on behalf of Plaintiff's Garcia and Valentin on December 1, 2015 (Docket Entry 1) and was later amended on March 8, 2016, to substitute the defendants (Docket Entry 17) and amended a second time on October 24, 2017 to add Plaintiff Quiche (Docket Entry 47). There is no indication that there were two (2) new Plaintiff's at or near January 29, 2016, the time Mr. Faillace is listed as meeting with "2 new clients".

37. Finally, the hours billed are disproportionate to the quantity and quality of the attorneys' work. *See*, <u>Sevilla</u>, 2017 WL 1185572, at *6.

38. Based on the foregoing, the Plaintiff's application for Attorney's Fees and Costs should be denied, or in the alternative, reduced in accordance with the prevailing rates of the District and to an amount that is reasonable.

Dated: December 13, 2019
       Hicksville, New York

                                MARCOTE & ASSOCIATES, P.C.

*/s/ William K. Joseph*
By: William K. Joseph, Esq. (WJ7900)
Marcote & Associates, P.C.
108 New South Road
Hicksville, New York 11801
File No.: MA16-0513
Tel: (516) 280-2281
Fax: (516) 280-2283
E-Mail Address: wjoseph@marcotelaw.com

## CERTIFICATE OF SERVICE

I, WILLIAM K. JOSEPH, do hereby certify under the penalties of perjury as follows:

I am an associate of the law firm of MARCOTE & ASSOCIATES, P.C., attorney(s) for the within named defendants, SAIGON MARKET, LLC (d/b/a SAIGON MARKET), HAU NGUYEN and JOHNATHAN NGUYEN,, that on the 13th day of December, 2019, I served the within 'Defendant's Opposition to Plaintiff's Proposed Findings of Fact and Conclusions of Law' and upon the attorney(s) record for the Defendants, **via ECF** at:

**MICHAEL FAILLACE & ASSOCIATES, P.C.**
Attorney(s) for Plaintiff(s):
ISIDRO GARCIA, ELIAZAR VALENTIN and FERMIN QUICHE
60 East 42nd Street, Suite 2540
New York, New York 10165

being the address within the State designated by them for that purpose upon the proceeding papers in this action, or the place where they then kept an office, between which places there then was and now is a regular communication by mail. Furthermore, as stated above I personally delivered a copy of this motion and all supporting papers to the office listed above.

*/s/ William K. Joseph*
William K. Joseph, Esq. (WJ7900)

# UNITED STATES DISTRICT COURT
## for the
# SOUTHERN DISTRICT OF NEW YORK

**INDEX NUMBER: 15-CV-09433**

---

ISIDRO GARCIA, ELIAZAR VALENTIN and FERMIN,
QUICHE,  individually and on behalf of others similarly situated,

-against-

SAIGON MARKET, LLC (d/b/a SAIGON MARKET),
HAU NGUYEN and JOHNATHAN NGUYEN,

---

### 'DEFENDANTS OPPOSITION TO PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW'

---

## MARCOTE ASSOCIATES, P.C.
*Attorney and Counselors at Law*
Attorneys for Defendants:
SAIGON MARKET, LLC (d/b/a SAIGON MARKET),
HAU NGUYEN and JOHNATHAN NGUYEN
108 NEW SOUTH ROAD
HICKSVILLE, NEW YORK 11801
PHONE:(516) 280-2281
FAX:   (516) 280-2283

---