UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISIDRO GARCIA, ELIAZAR VALENTIN AND FERMIN QUICHE, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>                               Plaintiffs,<br><br>  -against-<br><br><br>SAIGON MARKET, LLC (D/B/A SAIGON MARKET), HAU NGUYEN, AND JOHNATHAN NGUYEN,<br><br>                         Defendants. | CIVIL ACTION NO.: 15 Civ. 9433 (VSB) (SLC)<br><br>**REPORT AND RECOMMENDATION** |

**SARAH L. CAVE**, United States Magistrate Judge.

**TO THE HONORABLE VERNON S. BRODERICK**, United States District Judge:

## I.    INTRODUCTION

In this action, filed under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 190 et seq., Plaintiffs Isidro Garcia ("Garcia"), Eliazar Valentin ("Valentin"), and Fermin Quiche ("Quiche") (together, "Plaintiffs") seek payment of unpaid minimum and overtime wages and related relief from Defendants Saigon Market, LLC (d/b/a Saigon Market), Hau Nguyen, and Johnathan Nguyen (together, "Defendants"). (ECF No. 47 at 3, 15–20). Plaintiffs allege that during their employment as delivery workers at Defendants' restaurant between 2013 and 2015, Defendants failed to pay them the proper minimum wage and overtime premium, and failed to provide them with wage notices or wage statements as required by state law. (Id. at 8–13).

On September 24, 2019, the Honorable Vernon S. Broderick, United States District Judge, granted in part and denied in part the parties' motions for summary judgment, ruling that:

(1) Defendants are liable to Plaintiffs on their minimum wage and overtime claims under FLSA and the NYLL for the period two years prior to the filing of this action; (2) Defendants are liable for failing to provide Plaintiffs proper annual wage notices under NYLL § 195(1) and for failing to provide Garcia with proper weekly wage statements under NYLL § 195(3); and (3) Defendants were not liable for alleged spread-of-hours violations and recovery of equipment costs.  (ECF No. 100 at 29 (the "MSJ Order")).  Judge Broderick then referred the matter to the undersigned for a damages inquest as to Plaintiffs' minimum wage and overtime claims.

For the reasons that follow, the Court respectfully recommends that:

(1) Plaintiff Garcia be awarded $39,684.97 in damages, comprised of:  (i) $9,105.06 in unpaid minimum wages; (ii) $3,702.33 in unpaid overtime wages; (iii) $12,807.39 in liquidated damages; (iv) $6,570.19 in prejudgment interest; and (v) $7,500 in statutory damages;

(2) Plaintiff Valentin be awarded $6,933.82 in damages, comprised of:  (i) $2,112.00 in unpaid minimum wages; (ii) $204.45 in unpaid overtime wages; (iii) $2,316.45 in liquidated damages; (iv) $1,300.92 in prejudgment interest; and (v) $1,000 in statutory damages;

(3) Plaintiff Quiche be awarded be awarded $17,314.73 in damages, comprised of: (i) $5,933.04 in unpaid minimum wages; (ii) $111.57 in unpaid overtime wages; (iii) $6,044.61 in liquidated damages; (iv) $2,725.51 in prejudgment interest; and (v) $2,500 in statutory damages; and

(4) Plaintiffs be awarded attorneys' fees in the amount of $19,531.75 and costs in the amount of $465.00.

## II.    BACKGROUND

### A.  Factual Background

The factual background of Plaintiffs' claims is set forth in the MSJ Order (ECF No. 100), and is excerpted here as pertinent to the determination of damages.

Defendants own and operate a Vietnamese restaurant known as Saigon Market located at 91-93 University Place in New York City.  (ECF Nos. 47 ¶ 2; 100 at 3).  Plaintiffs were primarily employed as delivery workers at Saigon Market; Garcia was a delivery worker from October 2013 until August 26, 2015, Valentin was a delivery worker from January 20, 2014 until June 9, 2014, and Quiche was a delivery worker from December 24, 2014 until December 25, 2015.  (ECF Nos. 47 ¶¶ 41, 57, 70; 100 at 3).

During Plaintiffs' employment, Defendants recorded the tips Plaintiffs earned and permitted Plaintiffs to keep those tips.  (ECF No. 100 at 4).  "Defendants paid Plaintiffs an hourly wage of $5.00," a rate that Defendants calculated by deducting a "'tip credit' from the statutory minimum wage."  (Id. at 4).  Defendants paid Plaintiffs "a rate of $9.00 per hour, plus tips," for hours worked over 40 hours.  (Id.)  Annually, "Defendants provided Plaintiffs with a 'Notice and Acknowledgement of Pay Rate and Payday Under Section 195.1 of the New York State Labor Law' form, which listed Plaintiffs' regular and overtime pay rates" but did not indicate that Defendants were deducting the tip credit.  (Id.)  Plaintiffs' paystubs also did not reference the fact that Defendants were taking a tip credit against Plaintiffs' hourly wage.  (Id.)

### B.  Procedural Background

Plaintiffs Garcia and Valentin commenced this putative collective action with the December 1, 2015 filing of the original complaint naming as defendants Saigon Grill, Inc. (d/b/a

Saigon Market), Simon Nget, and Chris Pizzimenti.  (ECF No. 1).  On March 8, 2016, with leave of Court, Garcia and Valentin filed the first amended complaint substituting Saigon Market, Hau Nguyen, and Johnathan Nguyen in place of the original defendants.  (ECF Nos. 17–18).  On October 24, 2017, Garcia and Valentin filed the operative second amended complaint ("SAC"), adding Quiche as a Plaintiff and asserting eight claims against the Defendants including: (1) violations of the minimum wage and overtime provisions of the FLSA and the NYLL; (2) violations of the NYLL spread-of-hours provision; (3) failure to provide adequate annual wage notices and weekly wage statements under the NYLL; and (4) failure to reimburse Plaintiffs for their costs for "tools of the trade."  (ECF No. 47 at 16–20).

On September 24, 2019, Judge Broderick issued the MSJ Order, ruling that: (1) Defendants are liable to Plaintiffs on their minimum wage and overtime claims under FLSA and the NYLL for the period two years prior to the filing of this action; (2) Defendants are liable for failing to provide Plaintiffs proper annual wage notices under NYLL § 195(1) and for failing to provide Garcia with proper weekly wage statements under NYLL § 195(3); and (3) Defendants were not liable for alleged spread-of-hours violations and recovery of equipment costs.  (ECF No. 100 at 29).  Judge Broderick referred the matter to the undersigned for a damages inquest as to Plaintiffs' minimum wage and overtime claims, with the following instructions: (1) "Plaintiffs are entitled to liquidated damages under the FLSA or the NYLL, as applicable, but not to be awarded cumulatively;" (2) "Garcia and Quiche are each entitled to $2,500 in statutory damages, plus reasonable costs and attorney's fees" for their NYLL § 195(1) claims; (3) "Valentin is entitled to $1,000 in statutory damages, plus reasonable costs and attorney's fees" for his NYLL

§ 195(1) claim; and (4) Garcia "is entitled to $5,000 in statutory damages, plus reasonable costs and attorney's fees" for his NYLL § 195(3) claim.  (Id. at 29-30; ECF No. 101).

On October 21, 2019, this Court issued a scheduling order directing Plaintiffs to submit proposed findings of fact and conclusions of law, and Defendants to submit any response to Plaintiffs' submission.  (ECF No. 102).  The Court noted that if Defendants failed to respond to Plaintiffs' submissions or request an in-court hearing, the Court would issue a report and recommendation concerning damages based on Plaintiffs' submission, without an in-court hearing.  (Id. at 1–2).  On November 26, 2019, Plaintiffs submitted their proposed findings of fact and conclusions of law ("Plaintiffs' Damages Submission") (ECF No. 105), and on December 13, 2019, Defendants submitted their opposition to Plaintiffs' Damages Submission ("Defendants' Damages Submission").  (ECF No. 108).  No party has requested that the Court hold an in-person hearing concerning damages.

### III.   DISCUSSION

#### A.   Legal Standard for Determining Damages

Once liability has been established, the Court must "'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'"  Am. Jewish Comm. v. Berman, No. 15 Civ. 5983 (LAK) (JLC), 2016 WL 3365313, at *3 (S.D.N.Y. June 15, 2016), adopted by 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016) (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)).  A plaintiff "bears the burden of establishing [its] entitlement to recovery and thus must substantiate [its] claim with evidence to prove the extent of damages."  Dunn v. Advanced Credit Recovery Inc., No. 11 Civ. 4023 (PAE) (JLC), 2012 WL 676350, at *2 (S.D.N.Y. Mar. 1, 2012).  The evidence the plaintiff submits must be admissible.  Poulos v. City of

New York, No. 14 Civ. 03023 (LTS) (BCM), 2018 WL 3750508, at *2 (S.D.N.Y. July 13, 2018),

adopted by 2018 WL 3745661 (S.D.N.Y. Aug. 6, 2018); see House v. Kent Worldwide Mach. Works,

Inc., 359 F. App'x 206, 207 (2d Cir. 2010) (summary order) ("damages must be based on

admissible evidence").  If the documents the plaintiff has submitted provide a "sufficient basis

from which to evaluate the fairness of" the requested damages, the Court need not conduct an

evidentiary hearing.  Fustock v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989); see

Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)

(court may determine appropriate damages based on affidavits and documentary evidence "as

long as [the court has] ensured that there [is] a basis for the damages specified in the default

judgment") (internal citation omitted).

### B. **Analysis**

As a preliminary matter, the court must determine whether Plaintiffs have provided

sufficient evidence to support their claim for damages.  Transatlantic Marine, 109 F.3d at 111;

Bleecker v. Zetian Sys., Inc., No. 12 Civ. 2151 (DLC), 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1,

2013).  Plaintiffs' Damages Submission includes an affidavit from their counsel and documentary

evidence.  (See ECF No. 105).  While Defendants' Damages Submission challenges certain of

Plaintiffs' calculations of damages, Defendants do not challenge the records Plaintiffs have

submitted or their work schedules.  (ECF No. 108 ¶¶ 2–3).  The Court finds that Plaintiffs have

met their burden and that an in-person hearing is unnecessary because their submissions

constitute a "sufficient basis from which to evaluate the fairness" of their damages request.

Fustok, 873 F.2d at 40; Boston Scientific Corp. v. New York Ctr. for Specialty Surgery, No. 14 Civ.

6170 (RRM), 2015 WL 13227994, at *3 (E.D.N.Y. Aug. 31, 2015).   Based on the parties'
submissions, the Court will next analyze each category of damages.

**C.   <u>Minimum Wage</u>**

**1.   <u>Applicable legal standard</u>**

The FLSA and NYLL require employers to pay employees a statutory minimum wage for
the first 40 hours that employees work each week.   See 29 U.S.C. § 206(a)(1); 12 N.Y.C.R.R.
§ 146.1-2.   "'Both the FLSA and the NYLL permit an employer to pay a tipped worker a cash wage
that is lower than the statutory minimum wage, provided that the cash wage and the employee's
tips, taken together, are at least equivalent to the minimum wage.'"   (ECF No. 100 at 15 (quoting
<u>Gamero v. Koodo Sushi Corp.</u>, 272 F. Supp. 3d 481, 500 (S.D.N.Y. 2017), <u>aff'd</u>, 752 F. App'x 33 (2d
Cir. 2018)).   This "tip credit" is "calculated by crediting a portion of the tips received against the
required hourly minimum wage," provided that the employer "meets certain requirements in
informing its employees about this tip credit."   <u>Xochimitl v. Pita Grill of Hell's Kitchen, Inc.</u>, No. 14
Civ. 10234 (JGK) (JLC), 2016 WL 4704917, at *6 (S.D.N.Y. Sept. 8, 2016); <u>see</u> 29 U.S.C. § 203(m);
12 N.Y.C.R.R. § 146-1.3(b) (application to food service workers); <u>see also</u> <u>Andrade v. 168 First Ave.</u>
<u>Rest. Ltd.</u>, No. 14 Civ. 8268 (JPO) (AJP), 2016 WL 3141567, at *4 (S.D.N.Y. June 3, 2016), <u>adopted</u>
<u>by</u>, 2016 WL 3948101 (S.D.N.Y. July 19, 2016).

Judge Broderick reviewed these requirements in detail in the MSJ Order and determined
that Defendants were not entitled to invoke the tip credit in this case.   (ECF No. 100 at 15–22).
Therefore, to calculate Plaintiffs' "backpay for unpaid minimum wages, the Court first must
ascertain [their] regular hourly rate."   <u>Rosendo v. Everbrighten Inc.</u>, No. 13 Civ. 7256 (JGK) (FM),
2015 WL 1600057, at *3 (S.D.N.Y. Apr. 7, 2015).   If the hourly rate "is less than the statutory

minimum wage for the given period," then the court calculates the "amount of minimum wages owed per hour . . . by subtracting the regular rate from . . . the statutory minimum wage." Baltierra v. Advantage Pest Control Co., No. 14 Civ. 5917 (AJP), 2015 WL 5474093, at *5 (S.D.N.Y. Sept. 18, 2015).

Under the FLSA, for an employee who receives a flat weekly salary "there is a rebuttable presumption that the weekly salary covers 40 hours." Xochimitl, 2016 WL 4704917, at *6 (internal citations and alterations omitted). Thus, the court "calculates the employee's regular hourly rate by dividing his weekly salary by forty hours." Rosendo, 2015 WL 1600057, at *3. Under the NYLL, as of January 1, 2011, "where an employer fails to pay a restaurant employee an hourly rate of pay, 'the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings . . . by the lesser of 40 hours or the actual number of hours worked by that employee during the work week.'" Xochimitl, 2016 WL 4704917, at *6 (quoting 12 N.Y.C.R.R. § 146-3.5).

The New York minimum wage rate during the two-year period for the damages calculation in this action was as follows:

| Date | Rate |
| --- | --- |
| Until Dec. 31, 2013 | $7.25 |
| Dec. 31, 2013 until Dec. 31, 2014 | $8.00 |
| Dec. 31, 2014 until Dec. 31, 2015 | $8.75 |
| Dec. 31, 2015 until Dec. 31, 2016 | $9.00 |
| Dec. 31,2016 until Dec. 31, 2017 | $11.00 |
| Dec. 31, 2017 until Dec. 31, 2018 (New York City) | $13.00 |

### 2. Application

Plaintiffs have "accept[ed] Defendant[s'] records" of the hours Plaintiffs worked as accurate for purposes of the Court's calculation of damages. (ECF Nos. 105 at 1 n.1; 108 ¶ 4).

Based on those records, Plaintiffs' Damages Submission includes their calculation of the amount of minimum wage they are each owed.  (ECF No. 105 Ex. A).  Defendants point out that, for Valentin, for the weeks of April 27, 2014, May 4, 2014, and May 11, 2014, Plaintiffs have miscalculated the amount of minimum wage to which Valentin is entitled as $370.00, $400.00, and $370.00, respectively.  (Compare ECF No. 108 ¶¶ 7–9 with ECF No. 105 at 10–11).  Defendants point out that the correct minimum wage owed for each of these three weeks is $111.00, $120.00, and $111.00.  (ECF Nos. 108 at ¶ 7; 108-2 at 2).[1]  Defendants submit revised minimum wage calculations for each Plaintiff.  (ECF Nos. 108-1, 108-2, 108-3).  Plaintiffs have not submitted any reply indicating disagreement with Defendants' revised calculations.

Having reviewed Plaintiffs' Damages Submission and Defendants Damages Submission, the Court finds that the revised calculations of minimum wage owed in Defendants' Damages Submission are correct and adopts those calculations.  Accordingly, each Plaintiff is entitled to recover minimum wages in the following amounts:

| Plaintiff | Amount of Minimum Wage Owed |
| --- | --- |
| Garcia | $9,105.06[2] |
| Valentin | $2,112.00[3] |
| Quiche | $5,933.04[4] |

---

[1] For the weeks of April 27, 2014 and May 11, 2014, Valentin worked 37 hours, for which he was paid $5.00 per hour, but the correct minimum wage was $8.00.  Therefore, he was underpaid by $111.00, which is 37 hours x $3.00.  For the week of May 4, Valentin worked 40 hours, for which he was paid $5.00 per hour, and therefore was underpaid by $120, which is 40 hours x $3.00.  (See ECF Nos. 105 at 10–11; 108-2 at 2).

[2] Garcia is entitled to 13 weeks of minimum wage payment at $90.00 per week ($1,170), one week at $75.06, 43 weeks at $120.00 per week ($5,160), and 18 weeks at $150.00 per week ($2,700).  (ECF No. 108-1).

[3] Valentin is entitled to 16 weeks of minimum wage payments at $111.00 per week ($1,776), one week at $114.00, one week at $120.00, and one week at $102.00.  (ECF No. 108-2).

[4] Quiche is entitled to 23 weeks of minimum wage payments at $138.75 per week ($3,191.25), ten weeks at $142.50 per week ($1,425), three weeks at $135 per week ($405), one week at $119.93, one week at $135.38, one week at $126.30, one week at $100.99, one week at $97.50, one week at $118.43, one week at $131.06, and one week at $82.20.  (ECF No. 108-3).

### D. <u>Overtime</u>

#### 1. <u>Applicable legal standard</u>

With respect to overtime, the FLSA and the NYLL require employers to pay employees "one and one-half times the ordinary minimum wage rate for any time that exceeds 40 hours in a given week." <u>Xochimitl</u>, 2016 WL 4704917, at *7; <u>see</u> 29 U.S.C. § 207(a); 12 N.Y.C.R.R. § 146-1.4; <u>see also</u> <u>Kernes v. Glob. Structures, LLC</u>, No. 15 Civ. 659 (CM) (DF), 2016 WL 880199, at *3 (S.D.N.Y. Mar. 1, 2016) ("[A]n employee is entitled to be paid for overtime hours (<u>i.e.</u>, hours exceeding 40 per week), at a rate not less than one and one-half times the regular rate at which [the employee] is employed.") (internal citation omitted). The court calculates appropriate overtime wages "by multiplying [an employee's] regular hourly rate (or the minimum wage rate, if his regular hourly rate falls below the minimum wage) by one and one half," then by multiplying that rate "by the number of hours in excess of forty hours the employee worked each week." <u>Rosendo</u>, 2015 WL 1600057, at *4. Paying the employee a weekly salary does not exempt the employer from paying overtime wages. <u>See</u> <u>Xochimitl</u>, 2016 WL 4704917, at *7; <u>Amaya v. Superior Tile & Granite Corp.</u>, No. 10 Civ. 4545 (PGG), 2012 WL 130425, at *9 (S.D.N.Y. Jan. 17, 2012). Absent evidence that the employer and employee intended and understood "'the weekly salary to include overtime hours at the premium rate,' courts understand the weekly salary to cover only the first 40 hours." <u>Herrara v. 12 Water St. Gourmet Café, Ltd.</u>, No. 13 Civ. 4370 (JMF) (RLE), 2016 WL 1274944, at *5 (S.D.N.Y. Feb. 29, 2016) (quoting <u>Giles v. City of New York</u>, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999)).

### 2. **Application**

As with minimum wage, Plaintiffs' Damages Submission includes the amount of overtime worked and the amount of overtime pay for each Plaintiff (ECF No. 105 at 9–27), and Defendants' Damages Submission points out several discrepancies between the overtime hours worked as reflected in Defendants' undisputed records and the overtime hours listed in Plaintiffs' Damages Submission (ECF No. 108 ¶¶ 5–6).  Again, having reviewed the parties' respective damages submissions and Defendants' records, the Court finds that the revised calculations of overtime in Defendants' Damages Submission are correct, and adopts those calculations.  Accordingly, each Plaintiff is entitled to recover overtime in the following amounts:

| Plaintiff | Amount of Overtime Owed |
| --- | --- |
| Garcia | $3,702.33[5] |
| Valentin | $204.45[6] |
| Quiche | $111.57[7] |

### E. **Liquidated Damages**

#### 1. **Applicable legal standard**

"Under the FLSA, a plaintiff who demonstrates that he was improperly denied either minimum or overtime wages may recover, in addition to reimbursement of these unpaid wages, an 'additional equal amount as liquidated damages.'"  Xochimitl, 2016 WL 4704917, at *15 (quoting 29 U.S.C. § 216(b)).  (See ECF No. 100 at 24).  "[W]here the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA," the courts have

---

[5] See ECF No. 108-1.
[6] See ECF No. 108-2.
[7] See ECF No. 108-3.

"discretion to deny liquidated damages." Barfield v. N.Y. City Health & Hosp. Corp., 537 F.3d 132, 150 (2d Cir. 2008) (quoting 29 U.S.C. § 260); see also 29 C.F.R. § 790.22(b) (discussing courts' discretion to "reduce or eliminate the liquidated damages"). The FLSA also provides for a two-year statute of limitations, unless the employee demonstrates that the employer acted willfully, in which case the limitations period is three years. See 29 U.S.C. § 255(a). (See ECF No. 100 at 25–26). Similarly, the NYLL provides for recovery of liquidated damages, see NYLL § 198(1-a), under a standard substantively similar to the standard under the FLSA. (See ECF No. 100 at 25 (quoting Garcia v. JonJon Deli Grocery Corp., No. 13 Civ. 8835 (AT), 2015 WL 4940107, at *5 (S.D.N.Y. Aug. 11, 2015)).

### 2. Application

In the MSJ Order, Judge Broderick determined that "Defendants have failed to demonstrate that they took 'active steps to ascertain the dictates of the FLSA and then to comply with them.'" (ECF No. 100 at 26 (quoting Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 42 (2d. Cir. 1999))). Accordingly, he concluded "that Plaintiffs are entitled to liquidated damages under the FLSA or the NYLL, as applicable, but not to be awarded cumulatively," but that Defendants had not acted willfully, and therefore the statute of limitations applicable to Plaintiffs' FLSA claims is two years. (Id. at 27–29). Because all of Plaintiffs' claims here arise after the effective date of New York's Wage Theft Prevention Act ("WTPA"), April 9, 2011, "the amount of liquidated damages is identical under both" the FLSA and the NYLL. (ECF No. 100 at 28 n.16). Liquidated damages are calculated as the sum of the minimum wage and overtime damages awarded to each Plaintiff, see NYLL § 198(1-a), as follows:

| Plaintiff | Minimum Wage Damages | Overtime Damages | Liquidated Damages |
|---|---|---|---|
| Garcia | $9,105.06 | $3,702.33 | $12,807.39 |
| Valentin | $2,112.00 | $204.45 | $2,316.45[8] |
| Quiche | $5,933.04 | $111.57 | $6,044.61 |

Accordingly, the Court recommends that each Plaintiff be awarded liquidated damages in these amounts under the NYLL.

**F.   Prejudgment Interest**

    **1.   Applicable legal standard**

Plaintiffs seek an award of prejudgment interest on their claims for overtime wages under the NYLL.   (ECF No. 105 ¶ 7).   Although prejudgment interest is not awarded where FLSA liquidated damages are awarded, "prejudgment interest is still appropriate where a plaintiff is awarded liquidated damages under the NYLL." Morales v. Mw Bronx, Inc., No. 15 Civ. 6296 (TPG), 2016 WL 4084159, at *10 (S.D.N.Y. Aug. 1, 2016).   "Prejudgment interest applies only to the amount of compensatory damages, and excludes the amount of liquidated damages." Maldonado v. La Nueva Rampa, Inc., No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *11 (S.D.N.Y. May 14, 2012), adopted by, Order dated Aug. 9, 2012 (ECF No. 20).

Under New York law, interest is awarded at the rate of nine percent per year.   N.Y.C.P.L.R. § 5004.   For damages accruing "at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."

---

[8] Although the Court has found that the revised damages calculations in Defendants' Damages Submission were correct, the Court notes that Defendants' calculation of Valentin's liquidated damages calculation appears to be off by $10.00 (see ECF No. 108-2 at 2 (calculating the sum of minimum wages and overtime owed as $2,306.45), and therefore, the Court uses the mathematically correct figure here.

N.Y.C.P.L.R. § 5001.  "Simple prejudgment interest is calculated from a singular, midpoint date . . . [and] by multiplying the principal by the interest rate by the time period—from a singular, midpoint date—up until and including the date judgment is entered."  <u>Maldonado</u>, 2012 WL 1663941, at *11.  To determine the appropriate midpoint date, courts identify "'the median date between the earliest ascertainable date the cause of action existed and the date the action was filed [or the last date the cause of action existed].'"  <u>Yuquilema v. Manhattan's Hero Corp.</u>, No. 13 Civ. 461 (WHP) (JLC), 2014 WL 4207106, at *12 (S.D.N.Y. Aug. 26, 2014) (quoting <u>Gunawan v. Sake Sushi Rest.</u>, 897 F. Supp. 2d 76, 93 (E.D.N.Y 2012)).

### 2.  <u>Application</u>

As set forth above, the Court recommends that Plaintiffs be awarded liquidated damages under the NYLL, and therefore, prejudgment interest is still appropriate, calculated from the midpoint of the period for which each Plaintiff is recovering damages.

Garcia worked a total of 634 days within the two-year statute of limitations that Judge Broderick held applicable to this action, and therefore, the midpoint of his employment was October 14, 2014.  Calculating prejudgment interest from October 14, 2014, five years, eight months, and thirteen days have passed from that date, or 5.7 years.  Therefore, the prejudgment interest accrued through the date of this Report and Recommendation is $6,570.19 (($9,105.06 + $3,702.33) x 0.09 x 5.7).

Valentin worked a total of 140 days within the two-year statute of limitations, and therefore, the midpoint of his employment was March 30, 2014.  Calculating prejudgment interest from March 30, 2014, six years, two months, and 27 days have passed from that date, or

6.24 years.  Therefore, prejudgment interest accrued through the date of this Report and Recommendation is $1,300.92 (($2,112 + $204.45) x 0.09 x 6.24).

Quiche worked a total of 366 days within the two-year statute of limitations, and therefore, the midpoint of his employment is June 25, 2015.  Calculating prejudgment interest from June 25, 2015, five years and two days have passed from that date, or 5.01 years.  Therefore, prejudgment interest accrued through the date of this Report and Recommendation is $2,725.51 (($5,933.04 + $111.57) x 0.09 x 5.01).

G. **Statutory Damages**

In the MSJ Order, Judge Broderick set forth in detail the requirements of the WTPA, and held that Defendants failed to provide Plaintiffs with adequate wage notices and wage statements.  (ECF No. 100 at 8–9).  With respect to Plaintiffs' improper wage notice claim under NYLL § 195(1), Judge Broderick held that Garcia and Quiche were each entitled to receive $2,500 each, and Valentin was entitled to $1,000.  (Id. at 13).  With respect to Plaintiffs' improper wage statement claim under NYLL § 195(3), Judge Broderick held that Garcia was entitled to $5,000. (Id. at 14).

Accordingly, Garcia's statutory damages total $7,500, Quiche's $2,500, and Valentin's $1,000.

\* \* \*

In summary, the Court recommends that Plaintiffs be awarded damages in the following amounts:

| Plaintiff | Minimum Wage | Overtime | Liquidated Damages | Prejudgment Interest | Statutory Damages | Total |
|---|---|---|---|---|---|---|
| Garcia | $9,105.06 | $3,702.33 | $12,807.39 | $6,570.19 | $7,500 | $39,684.97 |

| Valentin | $2,112.00 | $204.45 | $2,316.45 | $1,300.92 | $1,000 | $6,933.82 |
| Quiche | $5,933.04 | $111.57 | $6,044.61 | $2,725.51 | $2,500 | $17,314.73 |

## H.  **Attorneys' Fees and Costs**

Plaintiffs request an award of $32,705.00 for attorneys' fees and costs in this action.  (ECF No. 105 ¶ 15).  Both the FLSA and the NYLL permit a successful plaintiff to recover reasonable attorneys' fees.  29 U.S.C. § 216(b); NYLL §§ 198, 663.  To determine a "presumptively reasonable fee," the Court multiples the hours counsel reasonably spent on the litigation by a reasonable hourly rate.  Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).  "The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."  Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (internal citations omitted).

### 1.  **Reasonable hourly rate**

To determine whether an hourly rate is reasonable, the Second Circuit has instructed district courts to "apply the prevailing rate within the district for similar services by lawyers of comparable experience and skill."  Galeana v. Lemongrass on Broadway Corp., 120 F. Supp. 3d 306, 323 (S.D.N.Y. 2014) (citing Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998)).  A court may also adjust the hourly rate to account for case-specific variables such as:

> [i] the time and labor required; [ii] the novelty and difficulty of the questions; [iii] the skill requisite to perform the legal service properly; [iv] the preclusion of employment by the attorney due to acceptance of the case; [v] the customary fee; [vi] whether the fee is fixed or contingent; [vii] time limitations imposed by the client or the circumstances; [viii] the amount involved and the results obtained; [ix] the experience, reputation, and ability of the attorneys; [x] the 'undesirability' of the case; [xi] the nature and length of the professional relationship with the client; and [xii] awards in similar cases.

Gamero v. Koodo Sushi Corp., 328 F. Supp. 3d 165, 173 (S.D.N.Y. 2018) (quoting Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983)).

In this district, courts generally award experienced wage-and-hour attorneys between $300 and $400 per hour.  See Surdu v. Madison Global, LLC, No. 15 Civ. 6567 (HBP), 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) (collecting cases regarding litigators with one or more decades of experience); see also Pastor v. Alice Cleaners, Inc., No. 16 Civ. 7264 (JLC), 2017 WL 5625556, at *7 (S.D.N.Y. Nov. 21, 2017) (noting fees between $250 and $450 for experienced litigators in wage-and-hour cases in this district); but see Williams v. Epic Sec. Corp., No. 15 Civ. 05610 (SDA), 2019 WL 1322384, at *3 (S.D.N.Y. Mar. 25, 2019) (awarding $600 per hour to lead attorney with 32 years of experience and $350 per hour to junior partner with 11 years of non-wage-and-hour experience).

Plaintiffs ask that the three attorneys at Michael Faillace & Associates, P.C. (the "Faillace Firm") who worked on this case, Michael Faillace, Gennadiy Naydenskiy, and Haileigh Amant, be compensated at hourly rates of $450, $350, and $250, respectively.  (ECF No. 105 ¶ 14). Defendants argue that the requested rates are "excessive."  (ECF No. 108 ¶¶ 23–29).  The Court agrees.  Other courts in this district have deemed reasonable hourly rates for Faillace to be $400 per hour, and for Naydenskiy to be $200 per hour.  See Montes v. 11 Hanover Group LLC, No. 17 Civ. 09376 (SDA), 2019 WL 4392516, at *2 (S.D.N.Y. Sept. 12, 2019) (reducing Faillace's hourly rate from $450 to $400); Sanchez v. DPC New York Inc., 381 F. Supp. 3d 245, 251–52 (S.D.N.Y. 2019) (reducing Faillace's hourly rate to $400); Sanchez v. Jyp Foods, Inc., No. 16 Civ. 4472 (JLC), 2018 WL 4502008, at *16 (S.D.N.Y. Sept. 20, 2018) (reducing Naydenskiy's hourly rate from $350 to $200).  Other courts in this district have also deemed $175 to be a reasonable hourly rate for

Amant.  See Montes, 2019 WL 4392516, at *2 (reducing hourly rate for Amant from $250 to $175).

In addition, a paralegal worked on this matter, at an hourly rate of $100.  (ECF No. 104 ¶ 14).  Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this District.  See Williams v. Metro-North R.R. Co., No. 17 Civ. 3847 (JGK), 2018 WL 3370678, at *8 (S.D.N.Y. June 28, 2018); Tatum v. City of New York, No. 06 Civ. 4290 (PGG) (GWG), 2010 WL 334975, at *5 (S.D.N.Y. Jan. 28, 2010) (finding that $125 was reasonable rate for paralegals).  Accordingly, the Court applies an hourly rate of $100.

Accordingly, the Court recommends that attorneys' fees be calculated using the reasonable hourly rate of $400 for Faillace, $200 for Naydenskiy, $175 for Amant, and $100 for the unnamed paralegal.

### 2. Reasonable hours expended

To determine the reasonable number of hours required by a case, the critical inquiry is "whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992).  Courts must perform "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended."  Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994).  "If the Court finds that some of the claimed hours are 'excessive, redundant or otherwise unnecessary,' it may reduce the number of reasonable hours accordingly."  Bumble & Bumble, LLC v. Pro's Choice Beauty Care, Inc., No. 14 Civ. 6911 (VEC) (JLC), 2016 WL 658310, at *9 (S.D.N.Y. Feb. 17, 2016), adopted by 2016 WL 1717215 (S.D.N.Y. Apr. 27, 2016) (quoting Hensley, 461 U.S. at 434); see LCS Grp. LLC v. Shire LLC, 383 F. Supp. 3d

274, 281 (S.D.N.Y. 2019) ("A court may apply an across-the-board reduction to effectuate the reasonable imposition of fees."); Tatum, 2010 WL 334975, at *6 (a court will exclude hours that were not "reasonably expended") (quoting Hensley, 461 U.S. at 434).

Plaintiffs have provided the court with contemporaneous billing records of their counsel at the Faillace Firm, including hours expended, dates of work, and brief descriptions of the tasks performed. (ECF No. 105 at 29–34). In Plaintiffs' Damages Submission, they state that they are seeking an award of $32,240.00 in attorneys' fees for 112.95 hours worked by all three attorneys and the paralegal on this matter (id. ¶ 15), although this figure differs from the amount reflected on the Faillace Firm's contemporaneous billing records ($32,170.00) (id. at 34). In addition, as Defendants point out, there are several billing entries that are insufficiently detailed to demonstrate the necessity or efficiency of the work performed, (ECF No. 108 ¶ 31) (citing entries for "discussed case with staff" and "status letter"), and should therefore be deducted from the fee award. See, e.g., Sevilla v. Nekasa Inc., No. 16 Civ. 2368 (AJP), 2017 WL 1185572, at *7 (S.D.N.Y. Mar. 30, 2017) (collecting cases where courts reduced fees for billing entries that were "vague and do not sufficiently demonstrate what counsel did").

To bring the hours expended into a reasonable range, "[c]ourts in this District have applied percentage reductions of up to fifty percent." Williams, 2018 WL 3370678, at *12; see, e.g., Alicea v. City of New York, 272 F. Supp. 2d 603, 612 (S.D.N.Y. 2017) (applying 50% reduction for excessive and unjustified billing); Auto. Club of N.Y., Inc. v. Dykstra, No. 04 Civ. 2576 (SHS), 2010 WL 3529235, at *3–4 (S.D.N.Y. Aug. 24, 2010) (applying 10% across-the-board reduction in hours to address three types of unjustified time). The issues that the Court noted above are relatively minor in a case for which the timekeepers' overall billing practices were relatively clear

and appropriate, and therefore, the Court finds that a reduction of 10%, at the lower end of this range, is appropriate.

Applying the reasonable rates set forth in Section III.H.1 and the 10% reduction to the number of hours, the Court recommends an award of attorneys' fees in the total amount of $19,864.75, calculated as follows:[9]

| Attorney | Requested Rate | Approved Rate | Requested Hours | Hours Reduced by 10% | Approved Total |
|----------|----------------|---------------|-----------------|----------------------|----------------|
| M. Faillace | $450 | $400 | 9.9 | 8.91 | $3,564 |
| G. Naydenskiy | $350 | $200 | 57.1 | 51.93 | $10,386 |
| H. Amant | $250 | $175 | 20.1 | 18.09 | $3,165.75 |
| Paralegal | $100 | $100 | 26.85 | 24.16 | $2,416 |
| | | | | | **$19,531.75** |

### 3.  Costs

Under the WTPA, Plaintiffs may also recover their reasonable costs in this action.  See NYLL § 198(1-d).  Plaintiffs seek an award of $465 in costs for the filing and service of process fees incurred in this action.  (ECF No. 105 ¶ 13; id. at 34).  The Court finds that Plaintiffs have substantiated costs in the amount of $465 with contemporaneous documentation showing that their counsel paid the amounts for which they now seeking reimbursement.  See Sanchez v., 2018 WL 4502008, at *17 (noting that adequate substantiation is required for an award of costs); Raymond James & Assocs., Inc. v. Vanguard Funding, LLC, No. 17 Civ. 3327 (VSB) (SDA), 2018 WL 8758763, at *6 (S.D.N.Y. Apr. 16, 2018) (awarding documented expenses for, inter alia, filing and

---

[9] The hours used in the chart are hours calculated by the Court based on Plaintiffs' Damages Submission. While Plaintiffs' total hours equal 112.95 (ECF No. 105 at 34), the Court's calculations equal 113.95 requested hours.

service of process fees). In addition, the Court may take judicial notice of the filing fees reflected on the docket as a support for an award of those costs. See Whitehead v. Mix Unit, LLC, No. 17 Civ. 9476 (VSB) (JLC), 2019 WL 384446, at *6 (S.D.N.Y. Jan. 13, 2019) (taking judicial notice of $400 filing fee and awarding costs in that amount); BWP Media USA, Inc. v. Uropa Media, Inc., No. 13 Civ. 7871 (JSR) (JCF), 2014 WL 2011775, at *4 (S.D.N.Y. May 16, 2014) (same). Accordingly, the Court recommends that Plaintiffs be awarded costs in the amount of $465.00.

### IV.    CONCLUSION

For the reasons set forth above, the Court respectfully recommends that:

(1) Plaintiff Garcia be awarded $39,684.97 in damages, comprised of: (i) $9,105.06 in unpaid minimum wages; (ii) $3,702.33 in unpaid overtime wages; (iii) $12,807.39 in liquidated damages; (iv) $6,570.19 in prejudgment interest; and (v) $7,500 in statutory damages;

(2) Plaintiff Valentin be awarded $6,933.82 in damages, comprised of: (i) $2,112.00 in unpaid minimum wages; (ii) $204.45 in unpaid overtime wages; (iii) $2,316.45 in liquidated damages; (iv) $1,300.92 in prejudgment interest; and (v) $1,000 in statutory damages;

(3) Plaintiff Quiche be awarded be awarded $17,314.73 in damages, comprised of: (i) $5,933.04 in unpaid minimum wages; (ii) $111.57 in unpaid overtime wages; (iii) $6,044.61 in liquidated damages; (iv) $2,725.51 in prejudgment interest; and (v) $2,500 in statutory damages; and

(4) Plaintiffs be awarded attorneys' fees in the amount of $19,531.75 and costs in the amount of $465.00.

Dated:      New York, New York
            June 26, 2020

_____
SARAH L. CAVE
United States Magistrate Judge

              *            *            *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D). or (F)).  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Such objections, and any response to objections, shall be filed with the Clerk of the Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Broderick.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).