```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
                                                           :
ISIDRO GARCIA, et al.,                                     :
                                                           :
                              Plaintiffs,                  :        15-CV-9433 (VSB)
                                                           :
              - against -                                  :           **AMENDED**
                                                           :      **OPINION & ORDER**
                                                           :
SAIGON GRILL INC., et al.,                                 :
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X
```

Appearances:

Catalina Sojo, Khalil Patrick Huey
CSM Legal P.C.
New York, NY

Colin James Mulholland
Law Offices of Colin Mulholland
Astoria, NY

Gennadiy Naydenskiy
Naydenskiy Law Firm, LLC
Spotswood, NJ

Shawn Raymond Clark
Phillips & Associates, PLLC
New York, NY
*Counsels for Plaintiff*

Louis F. Chisari, William Kevin Joseph
Marcote & Associates, P.C.
Hicksville, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Plaintiffs Isidro Garcia, Eliazar Valentin, and Fermin Quiche bring this action against Defendants Saigon Market LLC d/b/a Saigon Market ("Saigon Market"), Hau Nguyen, and Johnathan Nguyen seeking unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and the New York Labor Law ("NYLL" or "N.Y. Lab. L."), Art. 6 § 190, *et. seq.*, and Art. 19, § 650, *et seq*.  On September 24, 2019, I granted summary judgment in favor of Plaintiffs on their minimum wage and overtime claims under the FLSA and NYLL, and granted summary judgment in favor of Plaintiffs on their claims for Defendants' failure to provide adequate annual notice of wages and proper weekly wage statements under NYLL.  (Doc. 100 ("O&O"), at 29.)  I granted summary judgment in favor of Defendants on Plaintiffs' claims for spread of hours violations and for the recovery of equipment costs, and otherwise denied the parties' respective motions for summary judgment.  (*Id.*)  I referred the case to Magistrate Judge Sarah L. Cave for an inquest to determine the amount of damages to be awarded to Plaintiffs.  (Doc. 101.)  Before me is the June 26, 2020 Report and Recommendation of Magistrate Judge Cave, which recommends:

(1) Awarding Plaintiff Garcia $39,684.97 in damages, comprised of:  (i) $9,105.06 in unpaid minimum wages; (ii) $3,702.33 in unpaid overtime wages; (iii) $12,807.39 in liquidated damages; (iv) $6,570.19 in prejudgment interest; and (v) $7,500 in statutory damages;

(2) Awarding Plaintiff Valentin $6,933.82 in damages, comprised of:  (i) $2,112.00 in unpaid minimum wages; (ii) $204.45 in unpaid overtime wages; (iii) $2,316.45 in liquidated damages; (iv) $1,300.92 in prejudgment interest; and (v) $1,000 in statutory damages;

    (3) Awarding Plaintiff Quiche $17,314.73 in damages, comprised of: (i) $5,933.04 in unpaid minimum wages; (ii) $111.57 in unpaid overtime wages; (iii) $6,044.61 in liquidated damages; (iv) $2,725.51 in prejudgment interest; and (v) $2,500 in statutory damages; and

    (4) Awarding Plaintiff attorneys' fees in the amount of $19,531.75 and costs in the amount of $465.00.

(Doc. 109 ("R&R" or "Report"), at 2.)

On July 24, 2020, Defendants timely filed written objections to the Report. (Doc. 115 ("Objections").)[1] On July 27, 2020, Plaintiffs filed a response to the objections. (Doc. 114 ("Response").) I have reviewed the Report, Defendants' Objections, and Plaintiffs' Response. For the reasons stated herein, I overrule the objections, modify Judge Cave's Report in part as set forth below, and otherwise adopt the Report.

## I.     Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). "[T]he statutory language of section 636(b)(1) affords the district court broad latitude in considering the magistrate's recommendation." *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989).

When a party submits a timely, specific objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). With regard to a report and recommendation that is not objected

---

[1] Defendants first filed their objections at Doc. 113, but Defendants refiled at Doc. 115 due to a filing error.

to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-to portion thereof, for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Further, "when a party makes only conclusory or general objections, or simply reiterates [the] original arguments" it made before the magistrate judge, the Court will review the Report strictly for clear error. *Pearson–Fraser v. Bell Atl.*, No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003) (internal quotation marks omitted). "Even where exercising de novo review, a district court 'need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety.'" *Bush v. Colvin*, 15 Civ. 2062 (LGS) (DF), 2017 WL 1493689, at *4 (S.D.N.Y. Apr. 26, 2017) (alteration in original) (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)).

## II.    Discussion

The factual and procedural history is thoroughly set out in the Report and in my Opinion & Order deciding the parties' motions for summary judgment, familiarity with which is assumed. Defendants only assert one objection. Defendants argue that the damages for Plaintiff Garcia should be reduced to the extent that some of Garcia's damages were incurred more than two years prior to the filing of the action. (Objections 1–2.) Defendants are incorrect.

In my Opinion & Order of September 24, 2019, I said in conclusion,

> [S]ummary judgment is granted in favor of Plaintiffs with respect to liability on Plaintiffs' minimum wage and overtime claims under the FLSA, 29 U.S.C. §§ 206(a) and 207(a), and under N.Y. Lab. L. § 652(1) and 12 N.Y.C.R.R. § 146–1.4; however, because I find that Defendants' violations were not willful, Plaintiffs' FLSA claims are subject to a two-year statute of limitations.

(O&O 29.) Judge Cave paraphrased this holding as, "Defendants are liable to Plaintiffs on their

minimum wage and overtime claims under FLSA and the NYLL for the period two years prior to the filing of this action." (R&R 2.) Nevertheless, Judge Cave awarded minimum wage, overtime, and liquidated damages for violations that accrued more than two years before Plaintiffs filed this action. (*See id*. 9, 11, 12–13.)[2]

The FLSA's statute of limitations is two years, unless the violations were willful, in which case the statute of limitations is three years. 29 U.S.C. § 255(a). As previously noted, I found that Defendants' violations were not willful, and thus the applicable FLSA statute of limitations is two years. (O&O 25–29.) However, NYLL has a statute of limitations of six years. N.Y. Lab. Law § 663(3) (McKinney). Defendants do not mention or address NYLL's six-year statute of limitations in their Objections. (*See generally* Objections.) Plaintiffs brought their minimum wage and overtime claims pursuant to both FLSA and NYLL. "Plaintiffs may not recover under both NYLL and the FLSA for the same injury . . . . [and] will recover under the statute that provides for the greatest relief," which in this case is NYLL. *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195(LLS)(JLC), 2012 WL 1669341, at *5 (S.D.N.Y. May 14, 2012) (internal citation omitted). Courts in this Circuit routinely apply NYLL's six-year statute of limitations when plaintiffs bring minimum wage and overtime claims pursuant to both laws. *See, e.g.*, *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 498 n.7 (S.D.N.Y. 2017), *aff'd*, 752 F. App'x 33 (2d Cir. 2018); *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 676 (S.D.N.Y. 2011); *Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.,* No. 08 CIV. 3725 DC, 2010 WL 4159391, at *3 (S.D.N.Y. Sept. 30, 2010); *Rivera v. Harvest Bakery Inc.*, CV 13-00691

---

[2] Notably, in response to Plaintiffs' damages submission, Defendants filed their own revised minimum wage and overtime damages calculations for each Plaintiff, which Judge Cave found were correct and adopted in full. (R&R 9, 11 (citing Docs. 108-1, 108-2, 108-3).) In other words, Defendants now object that Judge Cave awarded Plaintiffs the exact amount in minimum wage and overtime damages that Defendants previously proposed in their revised calculations, which included those damages incurred more than two years prior to the filing of the action.

5

(ADS)(AYS), 2018 WL 4214337, at *8 (E.D.N.Y. Aug. 17, 2018), *report and recommendation adopted*, 2:13-cv-00691 (ADS)(AYS), 2018 WL 4211301 (E.D.N.Y. Sept. 4, 2018); *see also Serebryakov v. Golden Touch Transp. of N.Y., Inc.*, 181 F. Supp. 3d 169, 176 (E.D.N.Y. 2016) (on conditional certification, granting plaintiff's request to provide notice to potential opt-in plaintiffs with claims "going back six years" where plaintiffs sought relief under both the FLSA and NYLL).  NYLL's six-year statute of limitations governs Plaintiffs' NYLL claims, and to the extent that the Report says or suggests otherwise, those portions of the Report are rejected.

Plaintiffs filed a two-page, double-spaced response to Defendants' Objections, citing NYLL's statute of limitations.  (Response 1.)  Plaintiffs' Response is otherwise devoid of any law.  However, Plaintiffs correctly argue, "New York Labor Law clearly and unambiguously calls for a six year statute of limitations for minimum wage, overtime, and liquidated damages claims."  (*Id.*)

Plaintiffs also "request[] that the award of attorney [sic] fees be increased by $280 for 1.4 hours for the undersigned's research and opposition to Defendants [sic] ridiculous objection to Judge Cave's Report and Recommendation."  (*Id.* at 2.)  The request for attorneys' fees is improper.  "Applications for awards of fees must be documented by time records."  *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009).  Time records must be "contemporaneously created" and should "specify, for each attorney, the date, the hours expended, and the nature of the work done."  *Id.* (internal quotation marks omitted); *see also N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983) (holding that it is "a mandatory requirement" for "any attorney . . . who applies for court-ordered compensation in this Circuit" to "document the application with contemporaneous time records").  Plaintiffs provided no such documentation

and no legal basis for their request, and therefore their request for attorneys' fees is denied.[3]

Since the parties have not objected to the other portions of the Report, I review Judge Cave's remaining determinations for clear error, and find one. Judge Cave's prejudgment interest calculations require an update. As Judge Cave correctly wrote, New York law provides for prejudgment interest at a rate of nine percent per year. (R&R 13 (citing N.Y.C.P.L.R. § 5004).) When damages accrued "at various times," interest may be computed "upon all of the damages from a single reasonable intermediate date." (*Id.* at 13–14 (citing N.Y.C.P.L.R. § 5001).) "To determine the appropriate midpoint date, courts identify 'the median date between the earliest ascertainable date the cause of action existed and the date the action was filed or last date the cause of action existed.'" (*Id.* at 14 (quoting *Yuquilema v. Manhattan's Hero Corp.*, No. 13 Civ. 461 (WHP) (JLC), 2014 WL 4207106, at *12 (S.D.N.Y. Aug. 26, 2014).) Interest is calculated from that midpoint date "until and including the date judgment is entered." (*Id.* (quoting *Maldonado*, 2012 WL 1669341, at *11.) However, Judge Cave erred by limiting calculation of each Plaintiff's midpoint date according to FLSA's "two-year statute of limitations," and by setting the judgment date as the date the Report was issued, rather than the date judgment will be entered. (*Id.*) *See, e.g.*, *Gao v. Jian Song Shi*, No. 18 CV 2708 (ARR)(LB), 2021 WL 1949275, at *16 (E.D.N.Y. Apr. 30, 2021), *report and recommendation adopted sub nom. Bin Gao v. ABC Corp.*, No. 18CV2708ARRLB, 2021 WL 1946322 (E.D.N.Y. May 15, 2021) ("This [prejudgment interest award] amount will increase . . . each day until final judgment is entered.").

---

[3] Moreover, upon a legitimate and appropriately documented fee request, the court will "exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). I am skeptical that it would take almost 90 minutes to research and draft a two-page, double-spaced letter that contains no legal authority.

I have recalculated the prejudgment interest accordingly:

(1) Because Plaintiff Garcia began working for Defendants in October 2013, (*see* R&R 3),[4] "the median date between the earliest ascertainable date the cause of action existed and the date the action was filed" was November 7, 2014.  Since 7.46 years have passed since November 7, 2014, Plaintiff Garcia's prejudgment interest accrued through the date of this Order is $8,598.88 (($9,105.06 + $3,702.33) x 0.09 x 7.46).

(2) Because Plaintiff Valentin began working for Defendants on January 20, 2014, (*see* R&R 3), "the median date between the earliest ascertainable date the cause of action existed and the date the action was filed" was December 26, 2014.  Since 7.32 years have passed since December 26, 2014, Plaintiff Valentin's prejudgment interest accrued through the date of this Order is $1,526.08 (($2,112 + $204.45) x 0.09 x 7.32).

(3) Because Plaintiff Quiche began working for Defendants on December 24, 2014, (*see* R&R 3), "the median date between the earliest ascertainable date the cause of action existed and the date the action was filed" was June 13, 2015.  Since 6.86 years have passed since June 13, 2015, Plaintiff Quiche's prejudgment interest accrued through the date of this Order is $3,731.94 (($5,933.04 + $111.57) x 0.09 x 6.86).

### III.   Conclusion

This Amended Opinion and Order shall supersede the Court's prior Opinion and Order at Docket Entry 122.  For the reasons stated above, I hereby ADOPT IN PART and MODIFY IN

---

[4] Since the parties do not provide an exact date of Plaintiff Garcia's employment as a delivery worker, I calculate his prejudgment interest from October 15, 2013.  (*See* O&O 3 n.4 ("Plaintiffs state in their Complaint that, prior to October 2013, Garcia worked for Defendants as a busboy and was properly compensated for his hours worked.  Thus, Garcia only challenges his compensation during the time he was employed as a delivery worker." (internal quotation marks and citation omitted)).)

8

PART Magistrate Judge Cave's Report.  Accordingly, (1) Plaintiff Garcia is awarded $39,684.97 in damages, comprised of:  (i) $9,105.06 in unpaid minimum wages, (ii) $3,702.33 in unpaid overtime wages, (iii) $12,807.39 in liquidated damages, (iv) $8,598.88 in prejudgment interest, and (v) $7,500 in statutory damages; (2) Plaintiff Valentin is awarded $6,933.82 in damages, comprised of:  (i) $2,112.00 in unpaid minimum wages, (ii) $204.45 in unpaid overtime wages, (iii) $2,316.45 in liquidated damages, (iv) $1,526.08 in prejudgment interest, and (v) $1,000 in statutory damages; (3) Plaintiff Quiche is awarded $17,314.73 in damages, comprised of: (i) $5,933.04 in unpaid minimum wages, (ii) $111.57 in unpaid overtime wages, (iii) $6,044.61 in liquidated damages, (iv) $3,731.94 in prejudgment interest, and (v) $2,500 in statutory damages; and (4) Plaintiffs are awarded attorneys' fees in the amount of $19,531.75 and costs in the amount of $465.00.  The Clerk of Court is respectfully directed to (1) terminate any open motions, (2) enter judgment in accordance with this Order, (3) with post-judgment interest pursuant to 28 U.S.C. § 1961, and (4) close this case.

SO ORDERED.

Dated: April 25, 2022
     New York, New York

                                            Vernon S. Broderick
                                            United States District Judge